301 Ga. 803
FINAL COPY

S17A0693.  McCARTHY v. THE STATE.

BOGGS, Justice.

Rodney McCarthy appeals from the trial court's order denying his request for an out-of-time appeal.[1] Finding that the trial court did not abuse its discretion in denying the request for an out-of-time appeal, we affirm the judgment of the trial court.

In October 1999, McCarthy, represented by retained counsel, was convicted in Quitman County of malice murder, possession of a firearm during commission of a crime, concealing the death of another, and tampering with evidence in connection with the death of Crystal Harewood. McCarthy requested and received a sentence review, but did not file a motion for new trial or a notice of appeal.

McCarthy took no further action in this matter until four years later, on

---

[1] McCarthy does not enumerate as error the trial court's denial, in the same order, of his extraordinary motion for new trial.

October 17, 2004, when he wrote a letter to the judge who presided at his trial seeking a copy of the trial transcript. The clerk of Quitman County Superior Court responded, informing McCarthy that the court reporter who took down the trial had suffered a stroke, and that the court did not have any transcripts from that time. At approximately the same time, McCarthy filed a petition for a writ of habeas corpus. The petition asserted four grounds for relief: that McCarthy's trial attorney was constitutionally ineffective for failing to file a notice of appeal or pursue an appeal; that the trial court erred in charging the jury on whether or not the jury could infer an intent to kill; that the trial court erred in failing to charge the jury on voluntary manslaughter; and that McCarthy was denied due process. The special assistant attorney general assigned to McCarthy's habeas case also requested the transcript from the clerk's office. Several weeks later, the clerk of court filed a transcription prepared by a new court reporter of portions of the jury trial taken down by the original reporter, including the court's charge to the jury, the verdict, and sentencing.[2]

The habeas court set a hearing date of March 4, 2005, and held a hearing,

---

[2] These excerpts appear to be the only portions of the takedown of McCarthy's trial that could be located, other than several brief calendar calls.

at which McCarthy's trial counsel testified. McCarthy's questioning of his trial counsel and his testimony to the court pertained entirely to whether he was informed of his right to appeal. On May 11, 2005, the habeas court issued a final order denying the writ, finding that "the gravamen of Petitioner's claim is that he received ineffective assistance of counsel for counsel's failure to timely file a notice of appeal." The habeas court found that McCarthy failed to show that his trial counsel was deficient, specifically finding that both the trial court and McCarthy's trial counsel advised him of his right to appeal and that McCarthy's "failure to pursue a direct appeal was due solely to his own inaction." McCarthy's application for a certificate of probable cause to appeal to this court was denied on October 2, 2006.

On December 18, 2006 and January 20, 2007, McCarthy filed pro se motions styled "Out-of-Time Motion For New Trial," which amounted to extraordinary motions for new trial. The trial court denied both motions on August 10, 2007. McCarthy filed a timely notice of appeal to the Court of Appeals. The appeal was transferred to this Court, which dismissed the appeal on January 7, 2008, because McCarthy failed to file an application for a discretionary appeal.

3

Over three years later, on July 15, 2011, McCarthy again wrote to the clerk of Quitman County Superior Court seeking the trial transcript. The clerk responded that no transcripts had been received, noting that the court reporter who succeeded the original reporter had likewise retired after becoming ill, and suggesting that McCarthy contact his attorney. On October 3, 2011, appearing pro se, McCarthy filed a motion for an out-of-time appeal and an extraordinary motion for new trial. On February 22, 2012, McCarthy filed a motion for appointment of counsel and to proceed in forma pauperis. The trial court appointed counsel, who, on April 10, 2012, entered an appearance on McCarthy's behalf. Over three years later, on April 30, 2015, counsel filed an amended extraordinary motion for new trial and request for an out-of-time appeal, and a brief in support. The motion and brief alleged that McCarthy was deprived of his due process rights with regard to a direct appeal of his conviction and representation by counsel. The trial court denied both motions, ruling that McCarthy's habeas petition in 2005 and his motion for an out-of-time appeal in 2007 raised the same issues and had been decided adversely to McCarthy. From this order, McCarthy appeals.

1. In McCarthy's first enumeration of error, he asserts that the trial court

erred in holding that his most recent motion for an out-of-time appeal was barred by res judicata, collateral estoppel, or issue preclusion.

The grant or denial of a motion for an out-of-time appeal is reviewed under an abuse of discretion standard.

> [T]he starting point in this Court's review of the denial of a motion for an out-of-time appeal is the recognition that a criminal defendant has an appeal of right from a final judgment of conviction and sentence, but that such an appeal of right has to be undertaken consistent with the laws of appellate procedure, and if it is not, the defendant may forfeit the right of appeal. Furthermore, out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. Whether the circumstances of a particular case warrant an out-of-time appeal is a question committed in the first instance to the trial courts.

(Citations and punctuation omitted.) Waller v. State, 299 Ga. 619, 621-622 (791 SE2d 67) (2016).

Sessions v. State, 293 Ga. 33 (743 SE2d 391) (2013), presents remarkably similar facts. Thirteen years after his conviction, Sessions moved for an out-of-time appeal, contending that his right to an appeal was denied by his trial attorneys. He had asserted the same claim, however, in a habeas corpus petition

5

filed one year after his conviction. We affirmed the trial court's denial of his motion for an out-of-time appeal, observing, "Since the habeas court found that appellant had forfeited his right to appeal through his own inaction and the habeas court decided the issue of ineffective assistance of counsel adversely to appellant, he is now precluded under the doctrine of collateral estoppel from re-litigating the merits of the issue." (Citations and footnote omitted.) Id. at 34.

The allegations in McCarthy's most recent request for an out-of-time appeal are all claims that were raised in earlier pleadings and resolved adversely to his position. While McCarthy asserts that his constitutional claims were never addressed, this assertion is not borne out by the record. His claims therefore are barred by the doctrine of collateral estoppel. "It is axiomatic that the same issue cannot be relitigated ad infinitum." (Citations and punctuation omitted.) Nally v. Bartow County Grand Jurors, 280 Ga. 790, 791 (3) (633 SE2d 337) (2006). The trial court did not abuse its discretion in denying McCarthy's motion for an out-of-time appeal.

2. McCarthy also enumerates as error the denial of his request for an out-of-time appeal because the unavailability of the trial transcript made it impossible for him to timely file his appeal. But this claim of error was neither

raised nor ruled on below, as McCarthy did not assert it in his most recent request for an out-of-time appeal. "Errors not raised in the trial court will not be heard on appeal. [Cit.]" Earnest v. State, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992). Moreover, even if this contention had been preserved for appeal, it is without merit. As noted in Division 1, McCarthy never filed a timely motion for new trial or notice of appeal, and he did not request the trial transcript until five years after his conviction. The absence of portions of the transcript at a much later time did not "effectively deprive[ ] Appellant of his right to appeal," as McCarthy contends. The habeas court has already determined that McCarthy's "failure to pursue a direct appeal was due solely to his own inaction," which occurred years before it was discovered that portions of the trial transcript were lost. This distinguishes Sheard v. State, 300 Ga. 117 (793 SE2d 386) (2016), relied upon by McCarthy. Sheard acted diligently in pursuing his appeal, filing a timely motion for new trial; only thereafter was it discovered that crucial portions of the trial transcript were missing. Id. at 119 (2). McCarthy, in contrast, failed to pursue an appeal and did not seek to obtain the transcript until five years after his conviction. Under these circumstances, the missing portions of the transcript had no effect on his failure to seek appellate review, as the

habeas court found, and McCarthy cannot show harm resulting from their absence. See id. at 120 (2) (new trial is not automatic based upon mere fact that portion of transcript is missing; no reversible error absent allegation of harm resulting).

Judgment affirmed.  All the Justices concur.

Decided August 28, 2017.

Murder. Quitman Superior Court. Before Judge Bishop.

Robert M. Thomas, Sherry D. Widner, for appellant.

T. Craig Earnest, District Attorney, Ronald S. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General, for appellee.