306 Ga. 364
FINAL COPY

S19A0297.  BAILEY v. THE STATE.

BLACKWELL, Justice.

Phillip Bailey appeals from the denial of his motion for leave to pursue an out-of-time appeal. Pursuant to a plea agreement, Bailey pleaded guilty in 2007 to the murder of Jess Sharp and an aggravated assault upon Lamar Sharp, and Bailey was sentenced to imprisonment for life for the murder and a concurrent term of imprisonment for 20 years for the aggravated assault. He did not bring a timely appeal from the judgment of conviction entered upon his plea.

More than eleven years later, Bailey filed a motion for leave to pursue an out-of-time appeal. In his motion, Bailey alleged, among other things, that he was denied the effective assistance of counsel in connection with his plea and that his plea was involuntary. Bailey did not allege, however, that he was denied the effective assistance of counsel in connection with his failure to bring a timely appeal.

Nor did he allege that his failure to bring a timely appeal was attributable to any other error of constitutional magnitude. The trial court denied his motion without an evidentiary hearing.

The trial court was right to deny the motion. As we have explained,

> before being entitled to an out-of-time appeal, a defendant must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal, which usually is done by showing that the delay was caused by his trial counsel's ineffective assistance in providing advice about or acting upon an appeal.

Deloney v. State, 302 Ga. 142, 145 (2) (805 SE2d 881) (2017). Although Bailey alleged in his motion that he was denied the effective assistance of counsel in other respects, he did *not* allege that he was denied the effective assistance of counsel in connection with his failure to bring a timely appeal. Accordingly, he is not entitled to an out-of-time appeal. See Grace v. State, 295 Ga. 657, 658 (2) (a) (763 SE2d 461) (2014) (motion for out-of-time appeal was properly denied where defendant "did not allege that ineffective assistance of counsel was the cause of his failure to file a timely

direct appeal from the judgment entered on his guilty plea"). See also McMullen v. State, 292 Ga. 355, 356 (2) (737 SE2d 102) (2013) (same).

Judgment affirmed. All the Justices concur.

Decided May 20, 2019 – Reconsideration dismissed July 1, 2019.

Murder. Cobb Superior Court, Before Judge Childs.

Phillip Ray Bailey, <u>pro se</u>.

<u>D. Victor Reynolds, District Attorney, John R. Edwards, Benjamin M. First, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine D. Emerson, Assistant Attorney General</u>, for appellee.