308 Ga. 337
FINAL COPY

S20A0372.  JONES v. THE STATE.

PETERSON, Justice.

Tracy Jones, who pleaded guilty to murder and other offenses, filed a motion for out-of-time appeal, claiming that her plea counsel abandoned her after sentencing and that her right to appeal was thereby frustrated. The trial court denied Jones's motion on the basis that she did not allege that her failure to file a timely appeal was due to ineffective assistance of counsel. But she did sufficiently state such an allegation in her pro se motion, and so we vacate and remand for a hearing as to whether counsel's ineffectiveness in fact frustrated her right to appeal.

On November 18, 2013, Jones pleaded guilty to malice murder, three counts of felony murder, aggravated assault, burglary, false imprisonment, and theft by taking, all stemming from the October 2012 death of Gail Spencer. The trial court sentenced Jones to life without parole for malice murder, along with several additional

concurrent sentences for other offenses. Jones did not file a direct appeal from her convictions and sentences.[1]

On June 13, 2019, Jones filed a pro se motion for an out-of-time appeal. She claimed that she "was abandoned by [plea counsel] after sentencing, during the 30 days she had to file a direct appeal from the guilty plea, as well as the term of the court in which she had to withdraw her guilty plea." She added that the date of her guilty plea and sentencing was the last time she spoke with appointed counsel. The trial court denied the motion for out-of-time appeal on July 9, 2019. Jones appeals that order.

We review a trial court's denial of a motion to file an out-of-time appeal for an abuse of discretion. See *McCarthy v. State*, 301 Ga. 803, 805 (1) (804 SE2d 424) (2017). A defendant seeking an out-of-time appeal "must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal," usually by showing that counsel's ineffectiveness deprived the defendant of the

---

[1] In April 2019, Jones filed an appeal from a trial court order denying her motion seeking free copies of documents from her case; that appeal was dismissed.

right to an appeal. *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019) (quoting *Bailey v. State*, 306 Ga. 364, 364 (828 SE2d 300) (2019)). "When a defendant alleges he was deprived of his appeal of right due to trial counsel's ineffective assistance, the court must determine whether counsel was responsible for the failure to pursue a timely appeal." *Collier*, 307 Ga. at 365 (1) n.1. "A trial court abuses its discretion when it fails to make such a factual inquiry." Id. (citation and punctuation omitted). In order to obtain an out-of-time appeal, a defendant need not show that she actually would have prevailed in a timely appeal, even if she is seeking to appeal directly from a judgment entered on a guilty plea. See id. at 365 (1).

Here, the trial court recognized as a general matter that a defendant is entitled to an out-of-time appeal when the defendant's failure to file a timely appeal was caused by ineffective assistance of counsel. The trial court nonetheless ruled that Jones was not entitled to an out-of-time appeal because she had "not alleged that ineffective assistance of counsel was the cause of any failure on the part of the defendant to file a timely direct appeal from the judgment

entered on her guilty plea." But reading Jones's motion generously in the light of her pro se status, Jones does allege that her failure to file a timely appeal was due to the ineffective assistance of counsel. Specifically, Jones alleges that any rational person sentenced to life without parole — including, presumably, herself — would want to take advantage of any opportunity to appeal. And she alleges that she was abandoned by her plea counsel immediately after sentencing, throughout the 30 days she had to file a direct appeal and the term of court during which she might withdraw her guilty plea. "[D]efense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed." *Dos Santos v. State*, 307 Ga. 151, 153 (2) (834 SE2d 733) (2019) (citation and punctuation omitted). And, absent an entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, legal representation continues at a minimum "through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea," the deadline for filing a motion to withdraw a guilty plea. Id.

at 153-154 (2), (3) (citation and punctuation omitted). Moreover, if Jones in fact was abandoned by her counsel while she was still formally represented, she could not have filed a notice of appeal, as she alleges she desired to do; any pro se filing in this regard would have been a nullity. See id. at 154-155 (2), (3). Thus, by alleging both that she desired to appeal and that her counsel abandoned her during the time for filing a timely notice of appeal, Jones necessarily has alleged that her failure to file a timely appeal was due to counsel's deficient performance in abandoning her. The trial court abused its discretion in denying Jones's motion solely based on the inadequacy of her allegations. We therefore vacate the trial court's order and remand for the trial court to conduct a hearing and determine whether counsel was responsible for Jones's failure to pursue a timely appeal.

*Judgment vacated and case remanded. Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Warren, Bethel, and Ellington, JJ., concur.*

DECIDED MARCH 13, 2020.

Murder. Bibb Superior Court. Before Judge Simms.

Tracy Michelle Jones, *pro se*.

*K. David Cooke, Jr., District Attorney, Shelley T. Milton, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.