308 Ga. 650
FINAL COPY

S20A0356.  BURLEY v. THE STATE.

BOGGS, Justice.

Douglas Burley, who pled guilty to malice murder in 1992, filed a motion for an out-of-time appeal in 2019, claiming that his right to appeal was frustrated by his plea counsel's erroneous advice that he could not appeal his conviction because it was the product of a guilty plea. The trial court denied Burley's motion. For the reasons explained below, we vacate the trial court's judgment and remand the case with direction to hold a hearing to determine whether ineffective assistance of counsel frustrated Burley's right to appeal.

On September 21, 1992, Burley entered a negotiated guilty plea to the malice murder of Fletcher Wayne Burleson, and the trial court sentenced him to serve life in prison. Burley did not file a timely notice of appeal. On May 6, 2019, Burley filed a pro se motion for an out-of-time appeal, arguing among other things that "but for the plea counsel's error to timely preserve, and pursue a timely

notice of appeal," his ability "to properly appeal would not have been frustrated." On May 22, 2019, the trial court denied Burley's motion on the grounds that he failed to identify an issue for appeal that could be resolved by reference to facts in the record and that a defendant may not appeal on the issue of ineffective assistance of counsel where the only evidence in the record is a transcript of a guilty plea hearing. Burley appealed the trial court's denial of his motion for an out-of-time appeal.[1]

We review a trial court's denial of a motion for an out-of-time

---

[1] Contrary to the Attorney General's argument, we have jurisdiction over this appeal. Within 30 days of the trial court's order denying his motion for an out-of-time appeal, Burley filed in the Court of Appeals an "Application for Certificate of Probable Cause," which the Court of Appeals construed as an application for a discretionary appeal and transferred to this Court pursuant to our exclusive jurisdiction in murder cases. On July 12, 2019, we granted Burley's application, concluding that, because his conviction had not been the subject of a direct appeal, he was entitled to an appeal of right from the order denying his motion for an out-of-time appeal, and we directed him to file his notice of appeal in the trial court within ten days. See *Burley v. State*, Case No. S19D1415 (July 12, 2019). Burley did not receive our July 12 order until after the ten-day deadline had passed due to his transfer to a different prison, and on July 26, 2019, he filed in this Court a motion to set aside and re-enter the July 12 order granting his application for discretionary appeal; we granted his motion on October 7, 2019. See id. (Oct. 7, 2019). In our October 7 order, we noted, "If Burley has already filed a notice of appeal, it ripens with the entry of this order." By that point, Burley had filed a notice of appeal from the denial of his pro se motion for an out-of-time appeal.

appeal for an abuse of discretion. See *McCarthy v. State*, 301 Ga. 803, 805 (1) (804 SE2d 424) (2017). A defendant seeking an out-of-time appeal 'must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal,'" which a defendant may do by showing that counsel's ineffectiveness deprived him of the right to an appeal. See *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019) (quoting *Bailey v. State*, 306 Ga. 364, 364-365 (828 SE2d 300) (2019)). In order to obtain an out-of-time appeal, a defendant need not show that he actually would have prevailed in a timely appeal, even if he is seeking to appeal from a judgment entered on a guilty plea. See *Collier*, 307 Ga. at 365-366 (1). Accord *Jones v. State*, — Ga. —, — (840 SE2d 357) (2020).

"When a defendant alleges he was deprived of his appeal of right due to trial counsel's ineffective assistance, the court must determine whether counsel was responsible for the failure to pursue a timely appeal." *Collier*, 307 Ga. at 365 (1) n.1. "A trial court abuses its discretion when it fails to make such a factual inquiry." (Citations and punctuation omitted.) Id. In *Collier*, the trial court denied the

defendant's motion for an out-of-time appeal, which was premised on ineffective assistance of counsel, without first holding an evidentiary hearing. See id. at 376 (3). We concluded:

> Because the trial court denied Collier's motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the appellate record whether Collier's failure to timely pursue an appeal was actually the result of his counsel's deficient performance.

Id. Accordingly, we vacated the trial court's order and remanded the case to the trial court. See id.

In light of our decision in *Collier*, we now conclude that the trial court abused its discretion in denying Burley's motion for an out-of-time appeal without first holding an evidentiary hearing to determine whether Burley's right to appeal was frustrated by his plea counsel's ineffectiveness. See id. at 365 (1) n.1 (holding that trial court abuses its discretion by not making factual inquiry as to whether "counsel was responsible for the failure to pursue a timely appeal" (citation and punctuation omitted)). And here, as in *Collier*, because the trial court failed to hold an evidentiary hearing on this issue, we cannot determine whether Burley's failure to timely

pursue a direct appeal was the product of trial counsel's ineffectiveness. See id. at 376 (3). Accordingly, we vacate the trial court's judgment and remand for a hearing to determine whether Burley's failure to timely appeal resulted from his plea counsel's ineffectiveness.[2]

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED MAY 4, 2020.
Murder. Harris Superior Court. Before Judge McBride.
Douglas G. Burley, *pro se.*
*Julia F. Slater, District Attorney, William A. Lisenby, Jr., Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[2] We note that in ruling on Burley's motion for an out-of-time appeal, the trial court did not have the benefit of our opinion in *Collier*, which issued later.