309 Ga. 508
FINAL COPY

S20A0766.  RUTLEDGE v. THE STATE.

NAHMIAS, Presiding Justice.

The trial court summarily denied appellant Marcus Rutledge's pro se motion for an out-of-time appeal from his murder conviction, which was entered on his guilty plea; in the motion, Rutledge also requested a copy of his case file and transcripts. Because the trial court did not hold a hearing to determine whether Rutledge's failure to file a timely appeal was due to the ineffective assistance of his plea counsel, we vacate the part of the court's order denying the motion for an out-of-time appeal and remand for such a hearing. Because Rutledge's request for a free copy of his case records did not satisfy the standard for such a request made after the deadline for a timely appeal, we affirm the trial court's denial of that part of his motion.

1. In June 2016, a Houston County grand jury indicted

Rutledge for malice murder, two counts of felony murder, aggravated battery, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony in connection with the April 2016 shooting death of Brian Williams. In February 2018, Rutledge pled guilty to malice murder, and the trial court sentenced him to serve life in prison; the remaining counts were nolle prossed. He did not file a timely appeal.

On July 1, 2019, Rutledge, representing himself, filed a two-page motion for an out-of-time appeal of his conviction, in which he asserted that "the only relevant effectiveness factor is whether the [defendant] had a possible ground for appeal, about which his lawyer failed to inform him." Rutledge also asserted his alleged right to be sent a copy of his case file and transcripts to timely amend his motion prior to the court's ruling. That same day, without a response from the State or a hearing, the trial court summarily denied the motion, saying, "Whatever remedies [Rutledge] wishes to pursue at this late date are to be addressed through collateral review." This appeal followed.

2. To be entitled to an out-of-time appeal, a criminal defendant "'must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal, which usually is done by showing that the delay was caused by his trial counsel's ineffective assistance in providing advice about or acting upon an appeal.'" *Collier v. State*, 307 Ga. 363, 364 (834 SE2d 769) (2019) (citation omitted). In *Collier*, which was decided a few months after the trial court's ruling in this case, we looked to governing precedents from the United States Supreme Court and overruled a long line of Georgia appellate cases which had erroneously held that a defendant seeking an out-of-time appeal from a conviction entered on a guilty plea must show not only that he failed to file a timely appeal due to his counsel's deficient performance but also that such an appeal would have had merit. See id. at 365-369.

As *Collier* explains, when a defendant alleges in a motion for an out-of-time appeal that he was deprived of his right to appeal due to his counsel's ineffective assistance, the trial court must hold an evidentiary hearing to determine whether counsel was in fact

responsible for the failure to pursue a timely appeal. See id. at 365 & n.1. If the trial court did not make this factual inquiry, the case must be remanded for such a hearing and determination. See id. at 376 ("Because the trial court denied Collier's motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the appellate record whether Collier's failure to timely pursue an appeal was actually the result of his counsel's deficient performance."). See also *Burley v. State*, ___ Ga. ___, ___ (842 SE2d 851) (2020); *Jones v. State*, 308 Ga. 337, 338 (840 SE2d 357) (2020).

In this case, Rutledge alleged in his motion that he was entitled to an out-of-time appeal from his guilty plea conviction if there was "a possible ground for appeal, about which his lawyer failed to inform him." That is not much of an allegation that his plea counsel's ineffective assistance was responsible for his failure to file a timely appeal, but particularly given his pro se status and the change in the law wrought by *Collier*, we conclude that it is sufficient to require a factual determination by the trial court regarding the

advice, if any, that plea counsel gave to Rutledge about an appeal. Accordingly, we vacate the portion of the trial court's order denying Rutledge's motion for an out-of-time appeal and remand the case for the court to conduct an evidentiary hearing and determine whether plea counsel's ineffective assistance was responsible for Rutledge's failure to pursue a timely appeal. See *Burley*, ___ Ga. at ___; *Jones*, 308 Ga. at 338.

3. We turn now to Rutledge's request for a copy of his case file and transcripts (which we take to mean at least the transcript of his guilty plea hearing). It has long been the law in Georgia that although an indigent criminal defendant has "a basic right to a free transcript to perfect a timely direct appeal," *Mydell v. Clerk, Superior Court of Chatham County*, 241 Ga. 24, 24 (243 SE2d 72) (1978), "[a]fter the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification," *Huddleston v. Clerk of Superior Court, Carroll County*, 240 Ga. 52, 52 (239 SE2d 376) (1977). We have said that a defendant may make such a showing by

an affidavit setting out the "particular reasons" why the transcript or other requested record is necessary and stating that the defendant and his attorney have never previously been supplied a copy of the record and that it is not otherwise available to him; if the request for records is free-standing, the defendant should also attach a copy of the pending or proposed habeas petition or other post-conviction relief, such as an out-of-time appeal, for which the transcript or other record allegedly is needed. *Mydell*, 241 Ga. at 25. See also *Wilson v. Downie*, 228 Ga. 656, 658 (187 SE2d 293) (1972) (holding that after the appeal period has expired, "[t]here must be some justification or showing of necessity beyond a mere naked demand for a transcript" (punctuation omitted)).

The time for Rutledge to file a timely appeal expired long before he requested his case records. He did make the request in conjunction with his motion for an out-of-time appeal; however, he made no showing by affidavit or other proof of the need for the records or that he or his lawyer had not previously been supplied

with the records and that they are otherwise not available to him.[1]

Accordingly, on the current record, the trial court did not err in denying Rutledge's request for his case file and transcript. See, e.g., *McDowell v. Balkcom*, 246 Ga. 611, 611 (272 SE2d 280) (1980); *Flucas v. Hinson*, 242 Ga. 378, 379 (249 SE2d 64) (1978).[2] We therefore affirm that part of the trial court's order.[3]

---

[1] We note, however, that no transcript of the guilty plea hearing appears in the record on appeal. Compare *Mydell*, 241 Ga. at 25 (taking judicial notice of the fact that the record in Mydell's prior direct appeal included the trial transcript as well as indications that a copy had been provided to his attorney).

[2] We render no opinion as to whether on remand Rutledge could make a valid request for his case file and any specific transcripts supported by an affidavit or other proof. We note in this respect that Georgia case law does not elaborate on *Mydell*'s requirement that the defendant set forth "particular reasons" showing the necessity for case records requested at the government's expense. The cases generally have been resolved based on the defendant's bald demand for records or on his failure to connect a request to any pending or proposed post-conviction proceeding, failure to aver his lack of access to the records, or evidence that he or his attorney already was provided the records, any of which undermines the defendant's need for the records. We need not try to define the "necessity" requirement here, except to recognize that decisions on this issue should take into account constitutional concerns. See, e.g., *United States v. MacCollom*, 426 U.S. 317, 323-328 (96 SCt 2086, 48 LE2d 666) (1976); *Gardner v. California,* 393 U.S. 367, 368-371 (89 SCt 580, 21 LE2d 601) (1969).

[3] We have clarified in recent cases that a criminal defendant's free-standing request for case records, unconnected to a pending or proposed habeas corpus or other cognizable post-conviction proceeding, is a legal nullity that the trial court should dismiss and that provides nothing cognizable to appeal. See *Schoicket v. State*, 304 Ga. 255, 255 (818 SE2d 561) (2018); *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018). See also *Williams v. State*, 306 Ga. 365, 367 n.4 (828 SE2d 360) (2019). Here, by contrast, the request was made as part of Rutledge's motion for an out-of-time appeal and thus was cognizable.

*Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED AUGUST 10, 2020.
Murder. Houston Superior Court. Before Judge Lukemire.
Marcus Maurice Rutledge, *pro se.*
*George H. Hartwig III, District Attorney, Daniel P. Bibler, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.