310 Ga. 566
FINAL COPY

S20A1377.  COLE v. THE STATE.

WARREN, Justice.

Appellant Bobby Jay Cole appeals from the trial court's summary denial of his motion for out-of-time appeal from his murder and armed robbery convictions.  Because the trial court did not hold a hearing to determine whether Cole was deprived of his right to appeal due to the constitutionally ineffective assistance of his plea counsel, we vacate the court's order and remand for such a hearing.

On September 10, 1990, Cole was indicted by a Catoosa County grand jury for malice murder and armed robbery.  Those crimes occurred on August 13, 1990, when Cole was 16 years old.  On April 1, 1991, Cole pleaded guilty to those crimes and received concurrent life sentences.  On March 13, 2020, Cole file a pro se motion for out-of-time appeal in the trial court, contending that under *Collier v. State*, 307 Ga. 363 (834 SE2d 769) (2019), he was entitled to an out-

of-time appeal because his plea counsel's ineffective assistance deprived him of his right to an appeal.[1]  On May 8, 2020, without holding an evidentiary hearing, the trial court denied Cole's motion. Cole, who is proceeding pro se, timely filed this appeal.

"'A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued.'" *Clark v. State*, 310 Ga. 489, 490 (852 SE2d 522) (2020) (quoting *Collier*, 307 Ga. at 364).  For that reason, in a number of recent cases, we have held that "'when a defendant alleges in a motion for an out-of-time appeal that he was deprived of his right to appeal due to his counsel's ineffective assistance, the trial court must hold an evidentiary hearing to determine whether counsel was in fact

---

[1] In his motion for out-of-time appeal, Cole also contended that, under the law governing juveniles at the time he pleaded guilty, the superior court did not have jurisdiction to adjudicate him guilty.  Although the trial court did not rule on this claim, Cole nevertheless repeats it in his brief to this Court. "At this stage of the proceedings, however, [Cole] has not been granted an out-of-time appeal, and no valid notice of appeal from his convictions has been filed in this case.  Thus, we have no jurisdiction at this time to review any claims challenging his convictions." *Clark v. State*, 310 Ga. 489, 490 n.2 (852 SE2d 522) (2020).

responsible for the failure to pursue a timely appeal.'" *Clark*, __ Ga. at __ (quoting *Rutledge v. State*, 309 Ga. 508, 509 (847 SE2d 143) (2020)). Accord *Burley v. State*, 308 Ga. 650, 651-652 (842 SE2d 851) (2020); *Collier*, 307 Ga. at 376. "[A] trial court 'abuses its discretion when it fails to make such a factual inquiry.'" *Clark*, __ Ga. at __ (quoting *Burley*, 308 Ga. at 651).

Here, Cole alleged in his motion for out-of-time appeal that plea counsel's ineffective assistance deprived him of his right to an appeal. The trial court therefore was required to hold an evidentiary hearing to inquire into the factual basis for Cole's claim. See *Clark*, __ Ga. at __. Because the trial court denied Cole's motion without holding such a hearing, we must "vacate the trial court's judgment and remand 'for the court to conduct an evidentiary hearing and determine whether plea counsel's ineffective assistance was responsible for [Cole's] failure to pursue a timely appeal.'" Id. at __ (quoting *Rutledge*, 309 Ga. at 510).[2]

---

[2] On appeal, the District Attorney contends that Cole's request for an out-of-time appeal is foreclosed by the doctrine of collateral estoppel based on

3

*Judgment vacated and case remanded with direction. Melton, C.J., Nahmias, P. J., and Boggs, Peterson, Bethel, Ellington, and McMillian, JJ., concur.*

DECIDED DECEMBER 7, 2020.
Murder. Catoosa Superior Court. Before Judge Graham.
Bobby J. Cole, *pro se.*
*Herbert E. Franklin, Jr., District Attorney, Megan C. Gaither, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.

a federal habeas corpus action that Cole filed in 2013 and by the prejudice the State has suffered with respect to its ability to defend against Cole's motion because of Cole's delay in filing it. However, because the trial court denied Cole's motion for an out-of-time appeal shortly after it was filed and without conducting a hearing, these issues were not raised below or ruled on by the trial court, and we do not consider them on appeal. See *Kennebrew v. State*, 304 Ga. 406, 408 n.2 (819 SE2d 37) (2018) ("[L]egal issues must be raised and ruled on below in order to be properly considered on appeal."); *Collier*, 307 Ga. at 375 ("At this time, we need not define the exact parameters of the prejudicial delay defense when raised in motions filed in the trial court, as the State did not raise this defense below.").