310 Ga. 489
FINAL COPY

S20A1151.  CLARK v. THE STATE.

WARREN, Justice.

Eddie Clark pleaded guilty to felony murder and other crimes in connection with the stabbing death of Elizabeth Hutcheson. Years later, he filed a motion for out-of-time appeal, which the trial court summarily denied without a hearing.  For the reasons explained below, we vacate the trial court's order and remand this case for an evidentiary hearing.

1. In July 2012, a Polk County grand jury jointly indicted Cadedra Cook and Clark, charging them with malice murder of Hutcheson, felony murder predicated on aggravated assault, armed robbery, aggravated assault, and obstruction of a law enforcement officer.  In February 2014, Clark entered a non-negotiated plea of guilty to all counts except malice murder.[1]  He was sentenced to life

---

[1] Cook also pleaded guilty, but at a separate hearing.

in prison for felony murder, a consecutive 20-year term of imprisonment for armed robbery, and a concurrent 12-month term for obstruction of an officer. The aggravated assault count merged into the felony murder count. Clark did not file a timely appeal.

In September 2018, Clark filed a pro se motion for out-of-time appeal, contending (among other things) that his failure to file a timely appeal stemmed from his plea counsel's constitutionally ineffective assistance. Clark asserted that he had never waived his appeal rights and that his plea counsel did not "discuss the appeal" with him.[2] The trial court denied Clark's motion for out-of-time appeal without a hearing, and Clark timely appealed that decision.

---

[2] In his motion for out-of-time appeal, Clark also challenged the validity of his guilty plea, contending (among other things) that it was not made freely and voluntarily and that his plea counsel rendered constitutionally ineffective assistance because she did not explain the murder charges to him, did not investigate any potential line of defense, and failed to subject the State's case to minimal adversarial testing. The trial court did not rule on any of these claims, and Clark repeats them in his brief to this Court. At this stage of the proceedings, however, Clark has not been granted an out-of-time appeal, and no valid notice of appeal from his convictions has been filed in this case. Thus, we have no jurisdiction at this time to review any claims challenging his convictions. See *Cody v. State*, 277 Ga. 553, 553 (592 SE2d 419) (2004) (if a defendant is granted an out-of-time appeal and "wishes to pursue post-conviction relief in the appellate courts," he "has 30 days from the grant to file a notice of appeal to the appellate court with subject-matter jurisdiction").

2. "We review a trial court's denial of a motion for an out-of-time appeal for an abuse of discretion." *Burley v. State*, 308 Ga. 650, 651 (842 SE2d 851) (2020). "A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued." *Collier v. State*, 307 Ga. 363, 364 (834 SE2d 769) (2019). See also *Ringold v. State*, 304 Ga. 875, 881 (823 SE2d 342) (2019) ("'[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken,' the defendant is entitled to an appeal because he effectively has been deprived of an appellate proceeding altogether.") (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (120 SCt 1029, 145 LE2d 985) (2000)). For this reason, "when a defendant alleges in a motion for an out-of-time appeal that he was deprived of his right to appeal due to his counsel's ineffective assistance, the trial court must hold an evidentiary hearing to determine whether counsel was in fact responsible for the failure to pursue a timely appeal." *Rutledge v. State*, 309 Ga. 508, 509 (847

SE2d 143) (2020).[3] And a trial court "abuses its discretion when it fails to make such a factual inquiry." *Burley*, 308 Ga. at 651 (citation and punctuation omitted).

Here, Clark alleged in his motion for out-of-time appeal that his failure to file a timely appeal resulted from his plea counsel's constitutionally ineffective assistance. If Clark can prove this allegation, he would be entitled to an out-of-time appeal. See *Collier*, 307 Ga. at 364. However, the trial court denied Clark's motion without conducting a factual inquiry into his claim of ineffective assistance.[4] Accordingly, as the State concedes we should

---

[3] To determine whether a criminal defendant has been deprived of the effective assistance of plea counsel, such as to entitle him to bring an out-of-time appeal, a court must utilize the "familiar standard of *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984)." *Collier*, 307 Ga. at 364-365 (citation and punctuation omitted). Under this standard, the defendant must show (1) that "his appeal of right was lost as a consequence of his counsel's deficient performance," and (2) that "there is a reasonable probability that, but for counsel's deficient performance, he would have timely appealed." Id. at 365 (citation and punctuation omitted). The defendant does *not* need to demonstrate that his underlying claims are meritorious, however, or "that he would have actually prevailed in a timely appeal." Id. (citation and punctuation omitted).

[4] We note that the trial court ruled on Clark's motion for out-of-time appeal before we decided *Collier*, in which we overruled much of our existing precedent concerning motions for out-of-time appeals filed after the entry of guilty pleas. See *Collier*, 307 Ga. at 364.

under the circumstances presented in this case, we vacate the trial court's judgment and remand "for the court to conduct an evidentiary hearing and determine whether plea counsel's ineffective assistance was responsible for [Clark's] failure to pursue a timely appeal." *Rutledge*, 309 Ga. at 510. See also *Collier*, 307 Ga. at 376 ("Because the trial court denied Collier's motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the appellate record whether Collier's failure to timely pursue an appeal was actually the result of his counsel's deficient performance.").

*Judgment vacated and case remanded with direction. Melton, C. J., Nahmias, P. J., and Boggs, Peterson, Bethel, Ellington, and McMillian, JJ., concur.*

Decided December 7, 2020.

Murder. Polk Superior Court. Before Judge Lim.
Eddie Clark, *pro se.*
*Oliver J. Browning, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.