312 Ga. 250
FINAL COPY

S21A0790.  TERRY-HALL v. THE STATE.

PETERSON, Justice.

Brandon Terry-Hall, who pleaded guilty to felony murder and other offenses, appeals the denial of his motion for an out-of-time appeal. He raises two arguments on appeal: (1) he argues that counsel was ineffective for failing to appeal or move to withdraw his guilty plea, and (2) he challenges the factual basis for his guilty plea in various ways. But Terry-Hall failed to raise below the ineffective assistance of counsel claims, and the challenge to the guilty plea itself is barred by the denial of his motion for an out-of-time appeal. We affirm.

On March 26, 2015, a Henry County grand jury indicted Terry-Hall, along with three other defendants, for malice murder, five counts of felony murder, burglary in the first degree, two counts of armed robbery, two counts of aggravated assault, aggravated

battery, two counts of false imprisonment, and possession of a firearm during the commission of a felony. The charges stemmed from a September 2012 burglary that resulted in the non-fatal shooting of Ronnie Cantrell, Jr., and the fatal shooting of Ronnie Cantrell, Sr.

On September 15, 2015, Terry-Hall entered a guilty plea to four counts — felony murder predicated on aggravated assault, burglary in the first degree, armed robbery, and false imprisonment. The other counts were nolle prossed. On October 15, 2015, the trial court imposed concurrent life sentences on the felony murder and armed robbery counts, a consecutive twenty-year prison sentence on the burglary count, and a consecutive ten-year prison sentence on the false imprisonment count.

More than three years later, on February 27, 2019, Terry-Hall filed pro se a motion for an out-of-time appeal. The motion argued that his plea was invalid because the State failed to set forth a sufficient factual basis for the plea on the record and "deceivingly" told the trial court that the plea was non-negotiated. He also argued

that his plea was involuntarily and unintelligently made. The motion at no point asserted that Terry-Hall had desired to file a timely direct appeal or a timely motion to withdraw his plea, let alone asserted a failure by his lawyer in that regard.

The State's response relied upon one of our prior decisions to the effect that "[i]n order to be entitled to a direct appeal from his guilty plea . . . whether timely or otherwise, [a defendant] must show that his claims can be addressed and resolved solely by reference to facts contained in the record." *Turner v. State*, 281 Ga. 435, 436 (2) (637 SE2d 384) (2006).[1] The State also quoted language from that decision noting that claims of ineffective assistance of counsel could not be developed without a post-plea hearing. See id. In reply, Terry-Hall protested that he had not in fact raised a claim of ineffective assistance of counsel and had not requested a hearing. Without holding a hearing, the trial court denied the motion in a one-sentence order, and Terry-Hall filed a timely notice of appeal.

---

[1] We have overruled *Turner* on this point. See *Collier v. State*, 307 Ga. 363, 367-368 (1) (834 SE2d 769) (2019).

3

1.      Terry-Hall argues that the trial court erred in denying him an out-of-time appeal without a hearing, because his counsel was ineffective in failing to file a timely notice of appeal or motion to withdraw his plea. "We review a trial court's denial of a motion for an out-of-time appeal for an abuse of discretion." *Clark v. State*, 310 Ga. 489, 490 (2) (852 SE2d 522) (2020) (citation and punctuation omitted). "A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued." *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019). A trial court abuses its discretion when it fails to hold an evidentiary hearing on a defendant's allegation in a motion for an out-of-time appeal that he was deprived of his right to appeal due to his counsel's ineffective assistance. See *Clark*, 310 Ga. at 490 (2).

But "[i]t is well settled that errors not raised in the trial court will not be heard on appeal." *Ringold v. State*, 304 Ga. 875, 877 (823 SE2d 342) (2019) (citation and punctuation omitted), overruled on other grounds by *Collier*, 307 Ga. at 366-367 (1). Here, Terry-Hall's

motion for an out-of-time appeal made no claim that counsel's deficient performance had deprived him of an appeal of right. Indeed, he disclaimed such an argument in responding to the State's response to his motion. Even considering Terry-Hall's pro se status and the fact that the trial court ruled on his motion for an out-of-time appeal prior to our decision in *Collier,* we cannot find in the trial court record any point at which Terry-Hall even suggested that he was deprived of a timely appeal due to the ineffective assistance of counsel. Compare *Rutledge v. State*, 309 Ga. 508, 510 (2) (847 SE2d 143) (2020) (pro se defendant's allegation in motion that he was entitled to an out-of-time appeal from his guilty-plea conviction if there was "a possible ground for appeal, about which his lawyer failed to inform him" was sufficient to trigger trial court's duty to make factual inquiry) (punctuation omitted); *Jones v. State*, 308 Ga. 337, 338 (840 SE2d 357) (2020) (trial court abused discretion in denying without a hearing pro se motion for an out-of-time appeal that alleged that any rational person sentenced to life without parole would want to appeal and that defendant was abandoned by her plea

5

counsel immediately after sentencing). Although Terry-Hall also argues that he is entitled to an out-of-time appeal because his counsel was ineffective in failing to file a timely motion to withdraw his guilty plea, that argument was not raised before the trial court, either.

To the extent that Terry-Hall suggests that the filing of a motion for an out-of-time appeal automatically obliges a trial court to hold an evidentiary hearing, regardless of the allegations made in the motion, there is no authority for such a proposition.[2] Thus, Terry-Hall's argument that he is entitled to an out-of-time appeal because his counsel was ineffective is waived. See *Ringold*, 304 Ga. at 877 (concluding that appellant's claim that he was entitled to an out-of-time appeal due to the trial court's failure to advise him of his right of appeal was waived because he failed to raise it in his motion for an out-of-time appeal); see also *Barnes v. State*, 291 Ga. 831, 833

---

[2] The cases Terry-Hall cites do not provide that a trial court is required to hold an evidentiary hearing on a motion for an out-of-time appeal in the absence of an allegation that a timely appeal was thwarted by counsel's ineffectiveness. See *Rutledge*, 309 Ga. at 509-510 (2); *Burley v. State*, 308 Ga. 650, 651-652 (842 SE2d 851) (2020); *Jones*, 308 Ga. at 337-338.

n.2 (732 SE2d 752) (2012) (challenges to sentencing agreement not raised in the trial court in connection with the motion for an out-of-time appeal are waived).

2.     Terry-Hall also argues that the factual basis for his guilty pleas as proffered by the State at his change-of-plea hearing was inadequate, and that his plea counsel rendered ineffective assistance in failing to raise an objection to the adequacy of that factual basis under the Uniform Superior Court Rules. This Court has no jurisdiction to review these claims challenging Terry-Hall's convictions, however, because Terry-Hall was not granted an out-of-time appeal. See *McDaniel v. State*, 311 Ga. 367, 372 (2) (857 SE2d 479) (2021); *Clark*, 310 Ga. at 490 (1) n.2.

*Judgment affirmed. All the Justices concur, except Colvin, J., not participating.*

Decided August 10, 2021.

Murder. Henry Superior Court. Before Judge Amero.

Brandon A. Terry-Hall, *pro se.*

*Darius T. Pattillo, District Attorney, Sharon L. Hopkins, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Leslie A. Coots, Assistant Attorney General*, for appellee.