# Court of Appeals
# of the State of Georgia

ATLANTA,  January 05, 2022

*The Court of Appeals hereby passes the following order:*

## A21A1533. KNOWLES v. THE STATE.

On September 19, 2016, Thomas Knowles entered negotiated pleas of guilty to statutory rape and child molestation. Following a hearing, the superior court accepted the pleas and entered Knowles' sentence. Since that time, Knowles has argued that he received ineffective assistance of counsel in a variety of appeals previously before this Court.[1]

In October 2020, Knowles filed what the trial court  termed his third motion for out-of-time appeal, in which he again contended that he was deprived of his right to appeal because he received ineffective assistance of counsel. Finding that Knowles' trial counsel had not testified at a prior hearing, the trial court held a hearing at which counsel testified on March 1, 2021.[2] The trial court denied the

---

[1] See *Knowles v. State*, 348 Ga. App. XXVI (November 28, 2018) (unpublished opinion) (affirming trial court's dismissal of Knowles' motion to withdraw his guilty plea, in which he asserted he received ineffective assistance of counsel); see order of dismissal in A20A1875. *Knowles v. State*  (decided June 8, 2020) (dismissing for lack of jurisdiction as untimely an appeal from the dismissal of motion for out-of-time appeal, in which Knowles claimed he received ineffective assistance of counsel); see order of dismissal in A20D0371. *Knowles v. State* (decided May 6, 2020) (dismissing for lack of jurisdiction an untimely application for discretionary appeal from the dismissal of out-of-time appeal, in which Knowles argued that he received ineffective assistance of counsel).

[2] See *Cole v. State*, 310 Ga. 489, 490 (2) (852 SE2d 522) (2020) ("[W]hen a defendant alleges in a motion for an out-of-time appeal that he was deprived of his right to appeal due to his counsel's ineffective assistance, the trial court must hold an

motion on April 27, 2021, finding that based upon the evidence elicited at two different hearings,[3] trial counsel's conduct was neither deficient nor patently unreasonable, and that Knowles had failed to show prejudice. Knowles filed the instant pro se appeal from this order.

Knowles raises the same arguments in the instant appeal that he asserted in two of his prior appeals before this Court, A20A1875. *Knowles v. State* and A20D0371. *Knowles v. State*. In those appeals, Knowles argued that his motions for out-of-time appeal should have been granted because his counsel rendered ineffective assistance by failing to advise him of his appeal rights, failing to file an appeal on his behalf, and coercing him into pleading guilty. Likewise in the instant appeal, Knowles again argues that his attorney failed to advise him of his appeal rights, failed to file an appeal on his behalf, and coerced him into pleading guilty.

Knowles "cannot re-litigate here the same issues that were dismissed in his prior appeals[.]" *Howard v. State*, 289 Ga. 207 (1) (710 SE2d 761) (2011); accord *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007) (finding husband's claim on cross-appeal barred by res judicata where he had previously raised the same issue in an application for discretionary appeal that was dismissed as untimely).

> It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds. Our determination in the earlier appeal[s] is res judicata; the instant appeal is therefore barred, and we are without jurisdiction to review this same matter for a [third] time.

---

evidentiary hearing to determine whether counsel was in fact responsible for the failure to pursue a timely appeal.") (citation, punctuation, and footnote omitted).

[3] The transcript of the March 1, 2021 hearing is in the appellate record. It is unclear from the record and the trial court's order when the other hearing to which it refers took place, and the transcript of that hearing does not appear to be in the appellate record.

(Citation omitted.) *Echols v. State*, 243 Ga. App. 775 (534 SE2d 464) (2000).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __01/05/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____Stephen E. Castlen_____ , *Clerk.*