**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**May 22, 2026**

# In the Court of Appeals of Georgia

A26A0673. OWENBY v. THE STATE.

Davis, Judge.

Robert Owenby appeals pro se from the trial court's denial of his motion for an out-of-time appeal, filed under the recently enacted OCGA § 5-6-39.1, after his previous appeal from his criminal convictions was dismissed under *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022). For the following reasons, we affirm the denial of Owenby's motion for new trial.

Under our prior precedent, we reviewed a trial court's denial of a motion for an out-of-time appeal for an abuse of discretion, *Terry-Hall v. State*, 312 Ga. 250, 252(1) (862 SE2d 110) (2021), and we see nothing in OCGA § 5-6-39.1 that would change our standard of review. Accordingly, we will also review the denial of

Owenby's motion for an abuse of discretion. See *Shine v. State*, ____ Ga. ____, Case No. S26A0283 (decided April 21, 2026) (reviewing the denial of a motion for an out-of-time appeal under OCGA § 5-6-39.1 for an abuse of discretion).

The record shows that a Walker County jury convicted Owenby of two counts of aggravated assault as well as numerous related crimes, and the trial court entered a final judgment on June 6, 2019. Owenby filed a timely motion for new trial with the assistance of counsel, which was denied on January 12, 2021. Owenby did not file a notice of appeal within thirty days of that order. On June 14, 2021, Owenby's motion-for-new-trial counsel filed a consent motion for an out-of-time appeal. In the motion, counsel represented that Owenby wished to appeal the denial of his motion for new trial, that the notice of appeal "inadvertently did not get filed in a timely fashion," and that the State consented to the grant of an out-of-time appeal. The motion was signed by both trial counsel and the prosecution. The same day, the trial court granted the motion, and Owenby filed a notice of appeal, giving rise to appeal no. A22A0698 in this Court. While that appeal was pending, the Georgia Supreme Court rendered its decision in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), wherein the Supreme Court ruled that a motion for an out-of-time appeal was not a valid remedy for a claim

that defense counsel was ineffective for failing to timely pursue an appeal. In light of *Cook*, we remanded Owenby's appeal with instructions to dismiss the motion for out-of-time appeal for lack of jurisdiction.

In 2025, the Georgia Legislature passed OCGA § 5-6-39.1, codifying the right for a criminal defendant to file a motion for an out-of-time appeal, effective May 14, 2025. See Ga. L. 2025, p. 621, § 1-3. On or about July 7, 2025, Owenby filed a pro se motion for an out-of-time appeal pursuant to OCGA § 5-6-39.1. At an evidentiary hearing, Owenby appeared pro se[1] and did not offer any additional evidence but instead relied on the previous motion for an out-of-time appeal to support his contention that his trial counsel's performance prevented him from pursuing a timely appeal. In response, the State argued that it no longer consented to granting Owenby

---

[1] We note that OCGA § 5-6-39.1(a)(3) relevantly provides that "[a]n indigent defendant shall have the right to the assistance of counsel to seek any relief offered under this Code section." There are many indications in the record that Owenby may be indigent, such as the fact that, at times during his criminal proceedings, Owenby was represented by the public defender's office and then by court-appointed counsel. However, under the Georgia Indigent Defense Act of 2003, "the legislature specifically assigned the responsibility for determining eligibility for appointed counsel to the executive – not judicial – branch of the government, i.e., the circuit public defender, any other person or entity providing indigent defense services, or the governing authority of a municipal corporation." *Longo v. City of Dunwoody*, 351 Ga. App. 735, 740(1) n.13 (832 SE2d 884) (2019). Given that there is no indication in the record that Owenby applied for counsel, we do not address this point further.

an out-of-time appeal and that Owenby had not submitted any evidence to support his claim that he was entitled to an out-of-time appeal. Following the hearing, the trial court denied the motion "after hearing evidence and the argument of counsel[.]" This appeal followed.

As an initial matter, we note that Owenby's motion is not in the record on appeal. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed." *Zellars v. State*, 314 Ga. App. 88, 89(1) (723 SE2d 319) (2012) (quotation marks omitted). Without Owenby's motion, we cannot know what Owenby did or did not argue in his motion or whether any evidence was attached to that motion. See *Barnett Bank of Se. Ga. v. Hazel*, 251 Ga. App. 836, 838(2) (555 SE2d 195) (2001) (affirming denial of motion in limine when the motion was not included in the record). We can only review this appeal, therefore, to the extent we can discern Owenby's arguments from the hearing on his motion.

Under OCGA § 5-6-39.1(b),

> a defendant whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial or notice of appeal was dismissed based upon the Supreme Court's decision

in *Cook v. State*, 313 Ga. 471 (2022), and its progeny, shall have the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026, pursuant to subsection (a) of this Code section.

Subsection (a)(1) relevantly provides that

a defendant may move for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice

(A) With the consent of the state;

(B) By showing excusable neglect;

(C) By showing that the failure to timely file such motion for new trial or notice of appeal was attributable to the deficient performance of such defendant's counsel; or

(D) For other good cause shown.

Here, it appears that Owenby sought an out-of-time appeal under OCGA § 5-6-39.1(a)(1)(C) based on his counsel's deficient performance preventing him from filing a timely notice of appeal. "A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of

right that he otherwise would have pursued." *Collier v. State*, 307 Ga. 363, 364(1) (834 SE2d 769) (2019). Such a violation

> is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). To meet his burden of proving that counsel's ineffectiveness deprived him of his right to an appeal, the criminal defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. With respect to the first component of the *Strickland* standard, the defendant must show that his appeal of right was lost as a consequence of his counsel's deficient performance, and the trial court must make a factual inquiry into those allegations. With respect to the second component of the *Strickland* standard, the defendant is required to demonstrate only that there is a reasonable probability that, but for counsel's deficient performance, he would have timely appealed.

Id. at 365(1) (citation modified). "When this Court reviews a trial court's judgment with respect to a claim of ineffective assistance of counsel, we defer to the trial court's findings of fact unless clearly erroneous, but owe no such deference to its conclusions of law which we apply independently to the facts." *State v. Dorsey*, 364 Ga. App. 731, 731(1) (875 SE2d 900) (2022).

Here, the trial court denied Owenby's motion "after hearing evidence and the argument of counsel[.]" Given the State's arguments at the hearing, we can only conclude that the trial court denied the motion based on a conclusion that Owenby failed to substantiate his claim of ineffective assistance with evidence, including a finding that the representations made by counsel in the first motion for an out-of-time appeal were not credible without counsel's testimony. As the finder of fact, it was within the trial court's discretion to make this determination. See *State v. Stelzenmuller*, 285 Ga. App. 348, 351(1) (646 SE2d 316) (2007) ("Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony."). See also *McPetrie v. State*, 263 Ga. App. 85, 92(9) (587 SE2d 233) (2003) ("Without trial counsel's testimony, it is extremely difficult to overcome" the presumption that counsel's performance "fell within a wide range of reasonable, professional conduct.").

Owenby argues that the previous grant of his motion for new trial conclusively established the issue such that the trial court was required to grant his motion, but this

argument fails for a few reasons. First, in our order dismissing Owenby's prior appeal, we specifically determined that the trial court lacked jurisdiction under *Cook* to grant the motion for an out-of-time appeal and thus remanded the appeal for the trial court to vacate that order. Thus, the trial court's prior order granting an out-of-time appeal has been vacated and is therefore of no effect.

Additionally, to the extent Owenby seeks to rely on the law of the case doctrine, that doctrine only applies to rulings by the Court of Appeals or Georgia Supreme Court, OCGA § 9-11-60(h), and does not apply to a prior ruling by the trial court in the same case. Finally, the doctrine of res judicata also does not apply here. Normally, the doctrine of res judicata "bars relitigation of any matter of a cause of action that was, or could have been put in issue and adjudicated *in a prior proceeding* between the same parties[.]" *Wehunt v. Wren's Cross of Atlanta Condo. Ass'n, Inc.*, 175 Ga. App. 70, 73(4) (332 SE2d 368) (1985); see OCGA § 9-12-40 (discussing the conclusiveness of judgments). Owenby's prior motion for an out-of-time appeal and his current one are both part of the same proceeding. Thus, "we have [here] the trial court proceeding with separate adjudicative stages in the same, ongoing cause of litigation[,]" which does not invoke the doctrine of res judicata. *Wehunt*, 175 Ga. App. at 74(4). Thus, the

trial court's previous grant of an out-of-time appeal did not prevent it from reaching a different conclusion on Owenby's second motion.

Finally, Owenby argues that the trial court failed to include sufficient findings of fact or conclusions of law in its order. Owenby does not cite to any authority requiring detailed findings of fact or conclusions of law in this instance, and our research has failed to reveal any, especially where, as here, the trial court's reasoning is apparent from the record. See, e.g., *Treadaway v. State*, 308 Ga. 882, 886-87(2) (843 SE2d 784) (2020) (no requirement that a trial court issue written findings of fact and conclusions of law when assessing an ineffective assistance of counsel claim).

Accordingly, we affirm the trial court's denial of Owenby's motion for an out-of-time appeal.

*Judgment affirmed. Doyle, P. J., and Senior Judge C. Andrew Fuller, concur.*