[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15784
Non-Argument Calendar
_____

D.C. Docket Nos. 4:11-cv-00044-WTM-GRS; 4:09-cr-000147-WTM-GRS-1

TYRONE SAMUEL FIELDS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 18, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Tyrone Fields appeals the district judge's denial of his pro se habeas petition under 28 U.S.C. § 2255.  We affirm.

## I. BACKGROUND

In November 2008, Fields was indicted as one of forty-five defendants in a large cocaine conspiracy.  He was charged with conspiracy to possess with intent to distribute, possession with intent to distribute, possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug-trafficking crime, and use of a telephone to facilitate the conspiracy.  Fields pled guilty to a lesser-included drug-conspiracy charge, possession with intent to distribute cocaine in violation of 21 U.S.C. § 846, and was sentenced to 135 months of imprisonment.  Following his guilty plea, Fields violated the conditions of his pretrial release by participating in a second cocaine conspiracy.

Fields was indicted for his participation in the second conspiracy in June 2009 and also was charged with distribution of cocaine base in August 2009.  In October 2009, Fields pled guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841 and 846.  Because of his first conviction for participation in a cocaine conspiracy, Fields qualified as a career offender at the time of his sentencing.  The sentencing judge imposed a 262-month imprisonment sentence to run concurrently with his 135-month sentence.  Fields did not appeal.

In February 2011, Fields filed a pro se petition under 28 U.S.C. § 2255.  He argued his defense counsel had been ineffective for failing to file a direct appeal after being requested to do so.  The government opposed and asserted Fields had never asked his defense counsel, Greg Crawford, to file an appeal.

A magistrate judge scheduled an evidentiary hearing and appointed counsel to represent Fields during the hearing.  Fields, several of his family members, and Crawford testified.  Fields and his family maintained he had requested Crawford to file an appeal immediately after the sentencing hearing.  Crawford, however, testified neither Fields nor his family had ever made such a request.  Even if the judge found he had not asked Crawford to file an appeal, Fields argued Crawford had a duty to consult with him regarding an appeal and had rendered ineffective assistance by failing to consult.  The magistrate judge agreed to consider that claim and concluded the failure-to-consult claim related back to the initial failure-to-file claim.

The magistrate judge's Report and Recommendation ("R&R") recommended denying Fields's § 2255 petition.  First, the magistrate judge found Crawford was the more believable witness during the evidentiary hearing and specifically adopted Crawford's version of events.  Because Crawford had informed Fields of his career-offender classification during their initial post-arrest meeting, the magistrate judge determined Fields knew he qualified as a career

3

offender and faced a much more severe than he had received in his first cocaine conspiracy within days of his arrest. The magistrate judge also found Fields's primary concern was the possibility that any sentence he received would be made consecutive to the sentence he had received in the earlier drug case.

The magistrate judge concluded Fields knew the probable sentencing range he was facing, elected to plead guilty anyway, received a sentence at the bottom of the Sentencing Guidelines range, and obtained the outcome he had sought—a concurrent rather than a consecutive sentence. The magistrate judge also found that, after Fields's sentencing, Crawford had informed his family there were no meritorious grounds to appeal, because the sentencing judge had imposed a sentence within the Guidelines range. The magistrate judge further determined neither Fields nor any member of his family had ever requested Crawford to file a direct appeal.

Accordingly, the magistrate judge concluded Fields's failure-to-file claim lacked merit. Because Fields had not expressed any interest in appealing the sentence he expected to receive, and Crawford could not think of nonfrivolous grounds to appeal, the magistrate judge determined Crawford had no duty to consult with Fields concerning an appeal. Even if Crawford had a duty to consult, Fields had not demonstrated prejudice.

4

The district judge adopted the R&R and dismissed Fields's § 2255 petition. The judge declined to grant a certificate of appealability ("COA"). On appeal, we granted a COA on the following issue:

> Whether, under the totality of the circumstances, Mr. Fields established that: (1) trial counsel owed him a duty to consult because a rational defendant would have wanted to appeal his sentence, and (2) there is a reasonable probability that, but for counsel's failure to consult, he would have timely appealed.

*Fields v. United States*, No. 12-15784 (11th Cir. June 5, 2013).

## II. DISCUSSION

In a § 2255 proceeding, we review a district judge's legal conclusions de novo and his factual findings for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). Whether counsel was ineffective is a mixed question of fact and law we review de novo. *Id.* "We allot substantial deference to the factfinder in reaching credibility determinations with respect to witness testimony." *Id.* (citation, internal quotation marks, and alteration omitted). The scope of review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

To prevail on an ineffective-assistance-of-counsel claim, Fields must establish (1) his counsel's performance was deficient, and (2) he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The *Strickland* test also applies to claims of

5

ineffective assistance based on counsel's failure to file an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 1034 (2000). When counsel disregards specific instructions from a convicted defendant to file a notice of appeal, counsel acts in a manner that is professionally unreasonable. *Id.* at 477, 120 S. Ct. at 1035. In the absence of specific instructions, an attorney nonetheless has a constitutional duty to consult with his client about an appeal, when (1) a rational convicted defendant would want to appeal, or (2) the convicted defendant reasonably demonstrated to counsel an interest in appealing. *Id.* at 480, 120 S. Ct. at 1036.

In the "vast majority of cases," the Supreme Court expects courts will find "that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481, 120 S. Ct. at 1037. Factors we consider in determining whether a rational defendant would want to appeal include whether the conviction follows a guilty plea, whether the defendant received the sentence bargained for as part of a plea agreement, whether the plea agreement waived appellate rights, and whether there are nonfrivolous grounds for appeal. *Id.* at 480, 120 S. Ct. at 1036; *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). A guilty plea both "reduces the scope of potentially appealable issues" and indicates "the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036.

6

If counsel performed deficiently, the petitioner must demonstrate prejudice by showing there was a reasonable probability that, "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S. Ct. at 1038. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485, 120 S. Ct. at 1039.

Because we "allot substantial deference to the factfinder in reaching credibility determinations with respect to witness testimony," the district judge did not clearly err in adopting Crawford's version of the events as more credible. *Devine*, 520 F.3d at 1287 (citation, internal quotation marks, and alteration omitted). Applying the district judge's credibility findings, Fields knew he qualified as a career offender, when he met with Crawford after his arrest, and he also knew he would receive a substantially more severe sentence than he had received in his previous case. Fields's pleading guilty showed he was "seek[ing] an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036. Moreover, Fields received the sentence for which he had bargained. His primary concern was whether his sentence would run concurrently or consecutively to his prior sentence; the district judge ordered his sentence to run

concurrently.  Furthermore, the district judge sentenced Fields at the bottom of the applicable Guidelines range.

Although Fields's plea agreement does not contain an appeal waiver, this factor weighs only slightly in Fields's favor, because no evidence shows Fields bargained to retain any appeal rights.  While there may have been nonfrivolous issues Fields could have raised on appeal, no rational convicted defendant would have wanted to appeal in these circumstances, because of the guilty plea and Fields having received the sentence he had sought.  Therefore, the district judge did not err in finding Crawford had no duty to consult.[1]

Even if Fields could demonstrate Crawford had a duty to consult, he has failed to demonstrate "there is a reasonable probability that, but for [Crawford's] deficient failure to consult with him about an appeal, he would have timely appealed."  *Flores-Ortega*, 528 U.S. at 484, 120 S. Ct. at 1038.  Fields does not identify which claims he would have raised on appeal.  Although in other portions of his brief Fields asserts he could have appealed the amount of drugs attributed to

---

[1] Fields also argues Crawford knew or should have known he wanted to appeal, and he had a duty to consult under the second prong of the *Flores-Ortega* test, which concerns whether the convicted defendant reasonably had expressed to counsel an interest in appealing.  *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036.  The second prong of the *Flores-Ortega* test is outside the scope of this appeal, because our COA asks only whether a rational convicted defendant would have wanted to appeal in this case and whether Fields was prejudiced by Crawford's failure to consult.  *Fields v. United States*, No. 12-15784 (11th Cir. June 5, 2013).  Consequently, we need not address this argument.  *Murray*, 145 F.3d at 1250-51.

him in this case and the disparity in his sentence compared with his codefendants, he would not have appealed those issues had Crawford consulted with him. Crawford informed Fields's family after sentencing he believed there were no issues for appeal, and he would have communicated that belief to Fields in any consultation.  Crawford testified during the evidentiary hearing that he had informed Fields before sentencing that challenging the drug amounts would be pointless, because, even if they had succeeded, Fields's Guidelines range as a career offender would not change.  "Disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).  Accordingly, we affirm the district judge's denial of Fields's § 2255 petition.

**AFFIRMED.**