310 Ga. 547
FINAL COPY

S20A1318.   DAVIS v. THE STATE.

ELLINGTON, Justice.

Detrik Lamon Davis appeals pro se from an order of the Superior Court of Lincoln County denying his motion for an out-of-time appeal. The superior court found that Davis failed to carry his burden of showing that the lack of an appeal from the judgment of conviction entered following his guilty plea was the result of counsel's ineffective assistance. Davis contends that he was "forced to improperly proceed pro se on his first appeal from his conviction based on a guilty plea." He also argues that he was entitled to appointed counsel to assist him with his motion for an out-of-time appeal. For the following reasons, we find no merit to these claims of error and affirm.

The record shows that, with the assistance of counsel and pursuant to a plea agreement, Davis entered a guilty plea in October 1997 to felony murder, aggravated assault, and attempted feticide

in connection with the death of Quatasha Cheeley.[1] The court sentenced Davis to life imprisonment for felony murder, plus ten years concurrent imprisonment for attempted feticide.[2] No appeal was taken. In November 2019, Davis filed a pro se motion for an out-of-time appeal in the court of conviction. After a hearing at which Davis and defense counsel testified, the superior court denied the motion on February 19, 2020.[3]

---

[1] Cheeley was Davis's 13-year-old stepsister. When she refused to have sex with Davis, he knocked her unconscious, poured gasoline on her, and set her on fire. Cheeley was eight months' pregnant with Davis's child. The child was delivered alive a few days before Cheeley died of her injuries.

[2] The aggravated assault count merged with the felony murder conviction. (Davis had also been indicted for malice murder and two other counts of aggravated assault. Those counts were nolle prossed as part of the plea agreement.)

[3] On February 24, 2020, Davis filed a notice of appeal in the superior court and an application for a certificate of probable cause. Davis did not specifically indicate a desire to appeal the superior court's February 19 order; rather, his pleading was styled as a "motion to remand." Nevertheless, the pleading indicates that Davis urged this Court to direct the superior court to appoint him counsel to help him pursue whatever post-conviction remedies he may have. Because Davis is entitled to a direct appeal from the February 19 order denying his motion for an out-of-time appeal and because his notice of appeal was timely filed from that order, this Court has construed Davis's appeal as challenging the merits of the superior court's denial of his motion for an out-of-time appeal. On September 23, 2020, Davis also filed in this Court a "Request for a Dismissal of Direct Appeal, Only for the Purpose of a Remand." Again, Davis asked this Court to remand the case "with direction to grant the defendant an attorney for the purposes of pursuing leave to appeal a substantive right violation claim," citing *Collier v. State*, 307 Ga. 363, 364 (1)

1. Davis contends he was entitled to appointed counsel to assist him in preparing and filing his motion for an out-of-time appeal. This argument is without merit. See *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011) ("[B]ecause a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, [defendant] was not entitled to the assistance of appointed counsel." (citations and punctuation omitted)).

2. Davis also contends that the trial court erred in denying his motion for an out-of-time appeal on ineffective assistance of counsel grounds. For the following reasons, we find no abuse of discretion.[4] "A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued." *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019).

> Where a defendant alleges that he was deprived of an
> appeal of right that he otherwise would have pursued by

(834 SE2d 769) (2019). Given our decision in this opinion, Davis's request for a dismissal is denied as moot.

[4] We review a trial court's denial of a motion to file an out-of-time appeal for an abuse of discretion. (Citations and punctuation omitted.) *Jones v. State*, 308 Ga. 337, 337-338 (840 SE2d 357) (2020).

his counsel's constitutionally deficient performance in providing advice about or acting upon such appeal, that alleged violation "is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984)." *Collier*, 307 Ga. at 365 (1) (citation and punctuation omitted). With respect to the first component of the *Strickland* standard, the defendant must show that his appeal of right was lost as a consequence of his counsel's deficient performance, and the trial court must make a factual inquiry into those allegations. With respect to the second component of the *Strickland* standard, the defendant is required to demonstrate only that there is a reasonable probability that, but for counsel's deficient performance, he would have timely appealed. Id. (citations and punctuation omitted).

*Moore v. State*, 308 Ga. 312, 313-314 (2) (840 SE2d 353) (2020) (punctuation omitted).

The transcript of the hearing on Davis's motion for an out-of-time appeal shows the following. Davis testified that he filed the motion when a fellow inmate advised him to seek an out-of-time appeal. The inmate prepared the motion on Davis's behalf. Davis testified that he did not seek an appeal after he entered his guilty plea because he was "ready to do" the sentence negotiated by his trial counsel. Davis was unable to articulate specifically what his

trial counsel should have done for him; rather, he complained that he should have been paroled after serving 14 years. He also said that he would not have pleaded guilty had he been more informed. Of what counsel should have informed him, Davis could not say.

A few days after Davis's arrest, a public defender was appointed to represent him. Defense counsel testified that he met with Davis regularly, discussed discovery with him, and prepared the case thoroughly for trial. He obtained funds for a private investigator. Given Davis's youth and suspected mental health problems, counsel investigated theories of defense based on diminished capacity or culpability. He sought and obtained two psychological evaluations of Davis. Davis, however, was found competent to stand trial, and the psychiatric evaluations, in counsel's estimation, were not helpful to the defense.

As the trial date approached, Davis wrote counsel and informed him that he wanted to plead guilty. In the letter, Davis complained that the psychiatrists did not understand "how he was feeling when he did what he did," that he believed that "all arrows

point to guilty," and that he did not want to risk a sentence of life without parole.[5] Davis wrote that, while his decision may seem "radical," he believed it was the only alternative that he had left. Counsel testified that he thought Davis was being overly emotional; nevertheless, he began informal plea discussions with the prosecutor handling the case while he continued to prepare for trial. On the eve of trial, the prosecutor wrote counsel, offering Davis a one-time-only plea offer of life imprisonment for felony murder and ten years concurrent jail time for attempted feticide. Counsel explained the offer to Davis, but he also told Davis that he was ready to go to trial if Davis rejected the offer. Davis accepted the offer and agreed to plead guilty.

Counsel discussed with Davis the rights he was waiving by entering the plea and had him read and sign a plea form. He also informed Davis that he would be eligible for parole in 14 years, but that parole was up to the Parole Board and there was no guarantee

---

[5] According to defense counsel, the prosecutor was threatening to re-arraign Davis and to seek the death penalty or life without parole.

he would be granted parole.[6] Counsel testified that Davis never wavered in his desire to plead guilty. He also explained to Davis that he had a right to appeal a conviction following trial, but he did not discuss the right to an appeal from a judgment of conviction entered on a guilty plea because Davis had expressed no interest in an appeal. Rather, Davis appeared eager to plead guilty and to spare his family the trauma of a trial. After counsel testified, Davis told him, on the record:

> I would actually like to say thank you again, man, I appreciate everything you did. I just read that letter and I remember just — you actually begged me to fight and go to trial. I just didn't understand, you know what I'm saying? It's like I ain't here to say you didn't do your job, man, you did great.

The record shows that, although Davis asserted no fault with counsel's performance, the superior court found that counsel failed to consult with Davis about his right to appeal following the entry of a guilty plea. Nevertheless, the court also concluded that counsel's failure to consult did not constitute a breach of his professional duty

---

[6] Davis did, in fact, have a parole hearing in 2010, but he was denied parole. He was also denied parole in 2018.

because that failure was not objectively unreasonable performance under the totality of the circumstances.

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. See [*Strickland*,] 466 U.S. at 690 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega,* 528 U. S. 470, 480 (II) (A) (120 SCt 1029, 145 LE2d 985) (2000).

In this case, the record shows that Davis got the benefit of the

plea bargain offered by the prosecutor. He did not express any dissatisfaction with the plea agreement, and he reserved no grounds for an appeal. There is no evidence that Davis ever wavered in his desire to plead guilty. To the contrary, Davis was the one who sought to end the judicial proceedings to save his family the trauma of a trial and to avoid the possibility of a harsher sentence after a trial. Nothing in the record before the trial court supported a finding that a rational convicted defendant would have sought an appeal under these circumstances. Moreover, it is clear from the record that, even if counsel had advised Davis of his right to appeal from a conviction entered following a guilty plea, Davis would not have pursued an appeal. For 22 years, Davis expressed no interest whatsoever in challenging his conviction. Davis expressed only satisfaction with his counsel's performance. It appears his true complaint is that he has been twice denied parole.

Finally, the record shows that the superior court reviewed the entire record, made the appropriate inquiry into the relevant factors following an evidentiary hearing, and found that "[a]fter considering

the evidence, there appears to have been no nonfrivolous grounds for appeal which a rational defendant would have wanted to pursue, and there is no evidence to indicate that this particular defendant demonstrated to his counsel that he was interested in appealing." Because Davis has failed to show that his appeal of right was lost as a consequence of his counsel's deficient performance, he has failed to show that he was entitled to an out-of-time appeal on ineffective assistance grounds. See *Collier*, 307 Ga. at 365 (1). See also *Fields v. United States*, 577 Fed. Appx. 916, 920 (II) (11th Cir. 2014) (per curiam) (The district judge did not err in finding that plea counsel had no duty to consult under the circumstances, including that "no rational convicted defendant would have wanted to appeal in these circumstances, because of the guilty plea and Fields having received the sentence he had sought.").

For these reasons, the trial court did not abuse its discretion in denying Davis's motion for an out-of-time appeal.

*Judgment affirmed. Melton, C. J., Nahmias, P. J., and Boggs, Peterson, Bethel, and McMillian, JJ., concur. Warren, J., not participating.*

10

DECIDED DECEMBER 7, 2020.

Murder. Lincoln Superior Court. Before Judge Dunaway, Senior Judge.

Detrik L. Davis, *pro se.*

*William P. Doupé, District Attorney, Steven T. Normandia, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.