311 Ga. 367
FINAL COPY

S21A0217.  McDANIEL v. THE STATE.

WARREN, Justice.

Appellant Robert McDaniel appeals pro se from the trial court's denial of his motion for out-of-time appeal, his general demurrer, and his motion in arrest of judgment.  For the reasons that follow, we affirm in part and dismiss in part.

On May 12, 2014, a Paulding County grand jury indicted McDaniel for malice murder (Count 1); felony murder (Count 2); possession of a firearm during the commission of the offense of murder (Count 3); aggravated assault, family violence (Count 4); possession of a firearm during the commission of aggravated assault (Count 5); and aggravated stalking (Count 6) in connection with the shooting death of Maria Nunez-McDaniel.  The grand jury also indicted McDaniel for aggravated assault (Count 7) and possession of a firearm during the commission of a felony (Count 8) in

connection with an assault on Julia Olmos.

On November 4, 2014, McDaniel entered a negotiated guilty plea to malice murder, possession of a firearm during the commission of the offense of murder, and aggravated stalking, as well as to the aggravated assault against Olmos. As part of the plea, Counts 2, 5, and 8 were nolle prossed, and Count 4 was merged with the malice murder count. McDaniel was sentenced to serve life with the possibility of parole for malice murder, a probated five-year consecutive sentence on Count 3, and two ten-year concurrent sentences on Counts 6 and 7.

In 2018, McDaniel filed a motion for out-of-time appeal, which the trial court denied without a hearing. McDaniel filed an application for discretionary appeal, which we granted under OCGA § 5-6-35 (j) because McDaniel had a right of direct appeal. See Case No. S18D1312 (June 15, 2018). McDaniel then filed a notice of appeal, and we ultimately vacated the trial court's order denying his motion for out-of-time appeal and remanded the case for the trial court to hold an evidentiary hearing and determine whether plea

2

counsel's constitutionally ineffective assistance was responsible for McDaniel's failure to pursue a timely appeal. See Case No. S19A0660 (Oct. 21, 2019); *Collier v. State*, 307 Ga. 363, 376 (834 SE2d 769) (2019).

Following that remand, McDaniel filed a general demurrer and motion in arrest of judgment in the trial court, contending that the malice murder and aggravated assault counts of his indictment were defective because they failed to allege essential elements of those crimes. In July 2020, the trial court held a hearing on McDaniel's motion for out-of-time appeal, his general demurrer, and his motion in arrest of judgment. On August 27, 2020, the trial court entered an order denying McDaniel's motion for out-of-time appeal, ruling that his plea counsel did not perform deficiently in failing to file an appeal on McDaniel's behalf. The next day, the trial court entered an order denying McDaniel's general demurrer and his motion in arrest of judgment, ruling that they were "untimely and substantively lack[ed] any merit."

1. In his notice of appeal, McDaniel specified that he was

3

appealing from the trial court's August 27, 2020 order denying his motion for out-of-time appeal. However, he did not challenge that order in his initial brief on appeal. And even to the extent his reply brief could perhaps be construed as challenging that order, McDaniel is not entitled to have the challenge considered when it is not raised in his initial brief. See *Williams v. State*, 307 Ga. 689, 689 n.2 (838 SE2d 314) (2020) (holding that a pro se appellant "'who raises an argument for the first time in a reply brief is not entitled to have that argument considered'" (citation omitted)). In any event, however, a claim that the trial court erred in denying McDaniel's motion for out-of-time appeal would be without merit.[1]

Where, as here, "a defendant alleges that he was deprived of an appeal of right that he otherwise would have pursued by his counsel's constitutionally deficient performance in providing advice about or acting upon such appeal, that alleged violation 'is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S.

---

[1] It appears that McDaniel may have thought that this Court granted him an out-of-time appeal when it granted his application for discretionary appeal under OCGA § 5-6-35 (j), but that is not so.

4

668 (104 SCt 2052, 80 LE2d 674) (1984).'" *Davis v. State*, 310 Ga. 547, 549 (852 SE2d 517) (2020) (quoting *Moore v. State,* 308 Ga. 312, 313 (840 SE2d 353) (2020) (punctuation omitted)).

> With respect to the first component of the *Strickland* standard, the defendant must show that his appeal of right was lost as a consequence of his counsel's deficient performance, and the trial court must make a factual inquiry into those allegations. With respect to the second component of the *Strickland* standard, the defendant is required to demonstrate only that there is a reasonable probability that, but for counsel's deficient performance, he would have timely appealed.

Id. (citation and punctuation omitted).

> To determine whether counsel was constitutionally ineffective for failing to file a timely notice of appeal, the first question that must be answered is whether counsel "consulted" with the defendant about an appeal — that is, whether counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." If counsel adequately consulted with the defendant, counsel performed deficiently only if he failed "to follow the defendant's express instructions with respect to an appeal."

*Ringold v. State*, 304 Ga. 875, 879 (823 SE2d 342) (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (120 SCt 1029, 145 LE2d 985) (2000)). "However, if counsel did not consult

5

with the defendant, 'the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitute(d) deficient performance.'" *Ringold*, 304 Ga. at 879 (quoting *Flores-Ortega*, 528 U.S. at 478). And

> [c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Id. (quoting *Flores-Ortega*, 528 U.S. at 480 (punctuation omitted)).

> In making this determination, courts must take into account all the information counsel knew or should have known. See [*Strickland*,] 466 U.S. at 690 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in

a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Davis*, 310 Ga. at 551 (quoting *Flores-Ortega*, 528 U.S. at 480 (punctuation omitted)).

At the hearing on McDaniel's motion for out-of-time appeal, plea counsel testified that at the time of the plea proceedings, McDaniel did not indicate to her that he wanted to appeal his plea and sentence and that he never contacted her about the case from the time of the plea in November 2014 to the time plea counsel left the public defender's office in November 2015. She also testified that McDaniel, who was 46 years old at the time of the plea, was concerned about receiving a sentence of life without the possibility of parole. When asked if "a big part of [the] plea negotiations" was "to ensure" that McDaniel received a sentence of life with the possibility of parole, plea counsel testified, "Yeah, I mean . . . , I can't remember exactly . . . my line of thought . . . . But from my experience, I can tell you that with a murder charge, yes, that is

7

always going to be a concern and part of the thought process." Plea counsel acknowledged that she discussed with McDaniel paragraph 18 of the plea agreement, which provided that McDaniel understood "that any motion to withdraw this guilty plea must be filed within this term of court." But she testified that apart from the plea agreement, she did not advise McDaniel about his right to appeal from the plea.

The trial court found that plea counsel did not consult with McDaniel about his right to appeal following the entry of his plea, and the State does not dispute that finding on appeal. Nonetheless, the trial court concluded that plea counsel's failure to consult was not constitutionally deficient based on the considerations set forth in *Flores-Ortega,* 528 U.S. at 480, and we conclude that the trial court did not err in reaching that conclusion.

First, plea counsel testified that McDaniel never expressed to her an interest in appealing from his guilty plea, either immediately following the plea or at any time before she left the public defender's office about a year later. Second, a "highly relevant factor in this

8

inquiry" is that McDaniel's convictions followed his plea of guilty. Id. Moreover, McDaniel "received the sentence bargained for as part of the plea." Id. Indeed, plea counsel explained to McDaniel during the plea proceedings that he could seek to withdraw his plea, but McDaniel never indicated to plea counsel a desire to do so. Finally, we note that, at the guilty plea hearing, McDaniel apologized to the victims' families, saying that he was "so sorry for what happened," and apologized to his mother, telling her that he was sorry that he had disappointed her. He also added that "[t]he time that I have to serve I will serve it with my head focused, with my spirit focused." Plea counsel and the trial court could have reasonably viewed such a statement as indicative of a defendant who was pleading guilty to "seek[ ] an end to judicial proceedings." Id. For these reasons, we conclude that the trial court did not err when it determined that plea counsel would not have had reason to think that a rational defendant would have wanted to appeal, or that McDaniel reasonably demonstrated to counsel that he was interested in appealing. See id.

9

Accordingly, because the trial court did not err by concluding that McDaniel failed to show that his appeal of right was lost as a result of his counsel's constitutionally deficient performance, it also did not abuse its discretion in denying McDaniel's motion for out-of-time appeal. See *Davis*, 310 Ga. at 551 (concluding that the trial court did not abuse its discretion in denying the defendant's motion for out-of-time appeal based on ineffective assistance of counsel because "[n]othing in the record before the trial court supported a finding that a rational convicted defendant would have sought an appeal" where, among other things, "the record show[ed] that [the defendant] got the benefit of the plea bargain offered by the prosecutor," "did not express any dissatisfaction with the plea agreement," and "reserved no grounds for an appeal"). See also *Fields v. United States*, 577 Fed. Appx. 916, 919 (11th Cir. 2014) (per curiam) (cited in *Davis*, 310 Ga. at 552, for the proposition that "[t]he district judge did not err in finding that plea counsel had no duty to consult under the circumstances, including that 'no rational convicted defendant would have wanted to appeal in these

circumstances, because of the guilty plea and Fields having received the sentence he had sought'").

2. McDaniel contends that the trial court erred in denying his general demurrer. However, to the extent McDaniel claims that we should review the denial of his general demurrer as part of an appeal from his convictions, we have no jurisdiction to do so. Indeed, because McDaniel "has not been granted an out-of-time appeal," there has been "no valid notice of appeal from his convictions," and we therefore "have no jurisdiction . . . to review any claims challenging his convictions." *Clark v. State*, 310 Ga. 489, 490 n.2 (852 SE2d 522) (2020). Accord *Cole v. State*, 310 Ga. 566, 566 n.1 (852 SE2d 533) (2020). Accordingly, we dismiss that portion of McDaniel's appeal.

3. McDaniel also contends that the trial court erred in denying his motion in arrest of judgment in which he raised the same claims regarding the alleged defects in his indictment that he raised in his general demurrer. See *State v. Heath*, 308 Ga. 836, 840 n.2 (843 SE2d 801) (2020) (explaining that a general demurrer may be

11

"raised in the form of a motion in arrest of judgment"). But we need not decide the merits of McDaniel's claims because his motion in arrest of judgment was untimely.

"A motion in arrest of judgment must be made during the term [of court] at which the judgment was obtained." OCGA § 17-9-61 (b); see *Ballard v. State*, 304 Ga. 67, 67 (815 SE2d 824) (2018). McDaniel was convicted in November 2014 during the July term of the Paulding County Superior Court. See OCGA § 15-6-3 (31.1) (providing that the terms of court for the Paulding County Superior Court begin on the "Second Monday in January and July"). Because McDaniel filed his motion in arrest of judgment on December 11, 2019, it was not filed timely, and "the trial court was without jurisdiction to rule on [it]." *Ballard*, 304 Ga. at 67.

When a trial court lacks jurisdiction over a motion, it should dismiss, rather than deny, the motion.[2] See *Moore v. State*, 303 Ga.

---

[2] We note that a motion in arrest of judgment is an authorized motion in a criminal case, just one that "must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b). Therefore, assuming that there is no factor that would make such a motion a legal nullity, such as being filed

743, 747 (814 SE2d 676) (2018). So when a trial court is presented with a motion that it lacks jurisdiction to decide and denies the motion solely on the merits, we vacate the trial court's order and remand with instructions to dismiss the motion. *Ballard*, 304 Ga. at 67-68.

Here, however, the trial court denied McDaniel's motion in arrest of judgment on two grounds: that it was untimely and that it "substantively lack[ed] any merit." And because the trial court denied the motion on jurisdictional grounds in addition to denying it on the merits, we do not treat the order as one "in which the trial court merely decided the merits of a motion over which it lacked jurisdiction." *Moore*, 303 Ga. at 747. Accordingly, "it is not necessary for us to vacate the order and remand to the trial court with instructions to dismiss" the motion, and we simply affirm the

by a defendant being represented by counsel, a motion in arrest of judgment that is filed after the term at which the judgment was obtained is merely untimely, not a legal nullity, and does not deprive this Court of jurisdiction of an appeal from a ruling on such a motion. See *Dos Santos v. State*, 307 Ga. 151, 156 n.5 (834 SE2d 733) (2019); *Bonner v. State*, 310 Ga. 426, 427 (851 SE2d 578) (2020).

denial of the motion instead. See id.

*Judgment affirmed in part and dismissed in part. All the Justices concur.*

Decided April 5, 2021 —Reconsideration denied May 3, 2021.

Murder. Paulding Superior Court. Before Judge Bucci.

Robert S. McDaniel, *pro se.*

*Dick Donovan, District Attorney, Anthony B. Williams, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.