312 Ga. 263
FINAL COPY

S21A0871.  HARVEY v. THE STATE.

BETHEL, Justice.

Holly Harvey entered a negotiated guilty plea to two counts of malice murder for the killing of her grandparents, Carl and Sarah Collier.[1] While serving consecutive life sentences, Harvey sought to challenge that plea through a motion for an out-of-time appeal, which the trial court denied. Harvey appeals from the denial of that motion. She argues that her plea counsel provided constitutionally

---

[1] On September 15, 2004, a Fayette County grand jury indicted Harvey for two counts of malice murder, two counts of felony murder, and one count of armed robbery in connection with the stabbing deaths of the Colliers. On April 14, 2005, after reaching a deal with the State concerning sentencing recommendations and the disposition of other counts, Harvey entered a guilty plea to two counts of malice murder, and the trial court entered an order of nolle prosequi as to the remaining counts. The same day, the trial court sentenced Harvey to two consecutive life sentences. On June 22, 2012, Harvey filed a pro se motion for out-of-time appeal, which she later amended several times. On November 13, 2020, Harvey filed through counsel a "superseding motion to permit an out-of-time appeal from the judgment on her guilty plea." Following a hearing on December 29, 2020, the trial court denied the motion for an out-of-time appeal on February 19, 2021. Harvey filed a notice of appeal directed to this Court on February 24, 2021, which she amended on March 10, 2021. This case was docketed in this Court to the term commencing in April 2021 and submitted for a decision on the briefs.

ineffective assistance in advising her of her appellate rights and that she is entitled to withdraw her guilty plea due to that ineffectiveness. Because Harvey's claim that trial counsel provided constitutionally ineffective assistance fails, we affirm.

1. At the hearing on the entry of her guilty plea, Harvey testified about the following. At the time of the August 2, 2004 murders, Harvey, who was 15, lived with her grandparents, the Colliers, and was in a relationship with 16-year-old Sandy Ketchum.[2] On the day of the murders, Harvey and Ketchum decided to kill the Colliers and take their truck. They tested several knives together inside the residence to determine if they were sharp enough to stab someone. Harvey testified that there were several reasons she wanted to kill her grandparents. First, she explained that she wanted to kill her grandmother because her grandmother had called her a "slut" and would often tell her that the only reason Harvey lived there was so that she did not "go to [DFCS]." Harvey also testified that her grandfather hit her and that she wanted to kill her

[2] Ketchum's case is not part of this appeal.

grandparents so that she and Ketchum "could be together" and "could leave."

On the afternoon of the murders, Harvey and Ketchum smoked marijuana so that the odor would lure Harvey's grandparents to Harvey's downstairs bedroom to investigate. When her grandparents entered the room, Harvey retrieved a knife concealed in her pants and repeatedly stabbed her grandmother in the back. When Mrs. Collier screamed, Mr. Collier turned around, saw what was occurring, and punched Harvey in the face. Mr. Collier attempted to pin Harvey down, but Harvey stabbed him in the chest. Harvey called to Ketchum to help. Mr. Collier retreated up the stairs, and Harvey handed Ketchum the knife. Fearing her grandfather was going to call 911, Harvey chased him up the stairs. Harvey testified that when she saw her grandfather in the kitchen with a telephone in his hand, she pulled the cord out of the wall, took the knife Mr. Collier had grabbed to defend himself out of his hand, and started stabbing him "real fast." Harvey testified that she was covered in blood, and that most of it came from a stab wound to her

3

grandfather's neck. Mr. Collier staggered around the kitchen island and collapsed onto the floor.

Meanwhile, downstairs, Ketchum had stabbed Mrs. Collier in the heart, the back of the head, and the arm. Harvey and Ketchum then stole the Colliers' truck, took the murder weapons, and drove to Tybee Island, where the police arrested them the following day. Harvey entered a plea of guilty to two counts of malice murder, was sentenced to consecutive life terms of imprisonment, and began serving her sentences. Around 15 years later, Harvey filed a motion for an out-of-time appeal through new counsel.

Plea counsel testified as follows at the hearing on Harvey's motion. Harvey asked plea counsel where she would be taken after she entered the guilty plea, and counsel explained what would happen. Plea counsel also told Harvey about the possibility of withdrawing her plea. Plea counsel explained to Harvey that there was a limited time to withdraw the plea and that she would need to establish a basis for doing so, which plea counsel did not think existed. Plea counsel further explained to Harvey that if she chose

4

to withdraw the guilty plea, she would have to go to trial, would likely be convicted, would likely be sentenced to additional time, and that another attorney would ultimately need to be brought in to handle the plea withdrawal. Harvey did not indicate to plea counsel that she wished to pursue this option and instead asked plea counsel what counsel recommended. Plea counsel responded that if she thought withdrawing the guilty plea was in Harvey's best interest, then she would not have recommended entering a guilty plea to begin with. After this interaction, Harvey did not ask plea counsel to withdraw the plea or to file a direct appeal, and did not express any dissatisfaction with her sentence for many years.

In denying Harvey's motion for an out-of-time appeal, the trial court found, among other things, that Harvey did not establish that she had reasonably demonstrated to plea counsel that she was interested in appealing. This appeal followed.

2. Harvey first argues that the trial court erred in rejecting her claim that plea counsel provided constitutionally ineffective assistance by not adequately advising her of her appellate rights

5

following entry of her guilty plea. She argues that but for counsel's constitutionally ineffective assistance, she would have timely appealed. We conclude that Harvey's claim lacks merit.

A trial court's ruling on a motion to file an out-of-time appeal is reviewed for an abuse of discretion. See *Davis v. State*, 310 Ga. 547, 548 (2) n.4 (852 SE2d 517) (2020). A defendant "is entitled to an out-of-time appeal if [her] counsel's constitutionally deficient performance deprived [her] of an appeal of right that [s]he otherwise would have pursued." *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019). Where, as here,

> a defendant alleges that [s]he was deprived of an appeal of right that [s]he otherwise would have pursued by [her] counsel's constitutionally deficient performance in providing advice about or acting upon such appeal, that alleged violation is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). With respect to the first component of the *Strickland* standard, the defendant must show that [her] appeal of right was lost as a consequence of [her] counsel's deficient performance, and the trial court must make a factual inquiry into those allegations. With respect to the second component of the *Strickland* standard, the defendant is required to demonstrate only that there is a reasonable probability that, but for counsel's deficient performance, [s]he would have timely

6

appealed.

(Citation and punctuation omitted.) *Davis*, 310 Ga. at 549 (2).

> To determine whether plea counsel was constitutionally ineffective for failing to file a timely notice of appeal, the first question that must be answered is whether counsel "consulted" with the defendant about an appeal – that is, whether counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." If counsel adequately consulted with the defendant, counsel performed deficiently only if he failed "to follow the defendant's express instructions with respect to an appeal."

*Ringold v. State*, 304 Ga. 875, 879 (823 SE2d 342) (2019) (quoting *Roe v. Flores-Ortega*, 528 U. S. 470, 478 (II) (A) (120 SCt 1029, 145 LE2d 985) (2000)). "However, if counsel did not consult with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constituted deficient performance." (Citation and punctuation omitted.) *Ringold*, 304 Ga. at 879.

> Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant

7

reasonably demonstrated to counsel that [she] was interested in appealing. To make that determination, [courts] must take into account all the information counsel knew or should have known. For example, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.

(Citation and punctuation omitted.) *Ringold*, 304 Ga. at 879.

Here, Harvey does not raise any argument that a duty to consult existed because "a rational defendant would want to appeal." (Citation and punctuation omitted.) *Ringold*, 304 Ga. at 879. Instead, Harvey argues that plea counsel had a constitutional duty to consult with her about an appeal because she demonstrated an interest in appealing through her post-plea questions to counsel and because she asked plea counsel whether she should move to withdraw the plea. However, under the facts of this case, we disagree that this exchange created a duty to consult beyond the scope of counsel's responses to Harvey's questions.

Even assuming plea counsel failed to properly consult with Harvey regarding an appeal, we cannot say that the trial court

8

abused its discretion by concluding that that failure was not constitutionally deficient because Harvey's exchange with counsel did not demonstrate that she had an interest in appealing. Indeed, the record supports the trial court's finding: counsel testified that, after Harvey entered her plea, she asked counsel about where she would be taken after entering her plea, and that counsel explained to her what would happen. Harvey does not point to any evidence that she expressed to counsel dissatisfaction with her plea or sentence or that she otherwise expressed to counsel an interest in appealing or otherwise challenging her plea, including when counsel explained to her in detail the option of withdrawing her plea. In addition, Harvey waited years to express any dissatisfaction with her plea agreement. Compare *Palacios v. United States*, 453 Fed. Appx. 887, 888-889 (11th Cir. 2011) (duty to consult where counsel acknowledged defendant was unhappy following sentencing and asked counsel about what to do next). Based on the foregoing, we determine that the trial court did not abuse its discretion in concluding that Harvey did not reasonably demonstrate an interest

9

in appealing and that plea counsel therefore did not perform deficiently. See *McDaniel v. State*, 311 Ga. 367, 371 (1) (857 SE2d 479) (2021) (no duty to consult where, among other things, defendant never expressed an interest in appealing or a desire for plea counsel to withdraw the guilty plea). Accordingly, Harvey's enumeration fails.

3. Harvey next argues that the Sixth Amendment to the United States Constitution requires this Court to create a right to file an out-of-term motion to withdraw a guilty plea when counsel's deficient performance has frustrated her ability to seek review of that plea. However, because we hold that Harvey's plea counsel did not perform deficiently in advising Harvey regarding her appellate rights, we need not address this argument.

*Judgment affirmed. All the Justices concur, except Colvin, J., not participating.*

Decided August 10, 2021.

Murder. Fayette Superior Court. Before Judge Sams.

*Brandon A. Bullard; William A. Adams, Jr.*, for appellant.

*Marie G. Broder, District Attorney, Elizabeth A. Baker, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Leslie A. Coots, Assistant Attorney General*, for appellee.