**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**September 8, 2021**

# In the Court of Appeals of Georgia

A21A1053. HEAD v. THE STATE.

DOYLE, Presiding Judge.

Nicholas Bernard Head appeals from the denial of his motion to file an out-of-time appeal of a negotiated guilty plea he entered in 2016. He contends that the trial court erred because his plea counsel provided ineffective assistance by failing to advise him of his right to appeal his guilty plea. Because the record supports the trial court's exercise of discretion, we affirm.

The relevant record shows that in 2016, Head was accused in two consolidated indictments of committing the following crimes: possession of marijuana with intent to distribute (two counts), possession of cocaine with intent to distribute (two counts), possession of heroin with intent to distribute, misdemeanor obstruction, possession of a firearm during the commission of a felony, and theft by receiving a stolen

firearm. Head initially pleaded not guilty but later withdrew that plea and petitioned to enter a negotiated guilty plea to certain reduced counts with a total sentence as a first offender of twenty-five years with nine to twelve months to serve in a diversion center and the remainder on probation. After a plea hearing, the trial court entered the guilty plea with the negotiated sentence in October 2016.

In the immediately ensuing months, Head allegedly engaged in multiple violations of the conditions of the work release program in which he was participating, so in June 2017,[1] the court ordered him to serve twelve months of confinement with credit for time served in the diversion program.

In 2018, the State petitioned for adjudication of guilt and imposition of a new sentence, alleging that Head had committed additional probation violations by committing malice murder, felony murder, aggravated assault, false imprisonment, and possession of a firearm by a first offender probationer. The trial court held an evidentiary hearing on the petition in August 2018, hearing from witnesses including a police officer who allegedly witnessed the murder and finding by a preponderance of the evidence that Head had violated his probation by committing the new offenses. At a hearing later that month, the trial court revoked Head's first offender status and

---

[1] The violations mostly consisted of late returns to the work release center.

entered a new sentence for a total of 116 years, based on maximum consecutive sentences for the 7 counts to which Head had pleaded guilty.

In September 2018, Head filed an application for discretionary appeal of the new sentence, and this Court denied the application.

In April 2019, Head moved to dismiss the malice murder counts in the impending prosecution, arguing that double jeopardy barred that prosecution. That motion was denied.

Finally, in March 2020, Head filed the present pro-se motion for an out-of-time appeal, seeking to challenge the entry of his 2016 guilty plea based on his trial counsel's failure to withdraw his guilty plea or advise him that he had a right to appellate representation and to appeal his guilty plea within 30 days of entering the plea. After an evidentiary hearing at which Head and his plea counsel testified, the trial court denied Head's motion. Specifically, the trial court concluded that Head had failed to demonstrate a reasonable probability that he would have timely appealed or withdrawn his plea if he had been fully apprised of his rights. Head now appeals.

Head contends that the trial court erred by denying his motion because his plea counsel rendered ineffective assistance by failing to inform him of his right to appeal his guilty plea. Based on the record before us, we discern no reversible error.

3

As clarified by the Georgia Supreme court in *Collier v. State*:[2]

A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued. . . . [B]efore being entitled to an out-of-time appeal, a defendant must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal, which usually is done by showing that the delay was caused by his trial counsel's ineffective assistance in providing advice about or acting upon an appeal. A defendant who does not allege and prove such an excuse for failing to file a timely direct appeal is not entitled to an out-of-time appeal. If the constitutional violation alleged by the defendant is ineffective assistance of counsel in providing advice about or acting upon an appeal of right, that violation is reviewed under the familiar standard of *Strickland v. Washington*.[3] To meet his burden of proving that counsels ineffectiveness deprived him of his right to an appeal, the criminal defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant.[4]

With respect to the first component of the *Strickland* standard, the defendant must show that his appeal of right was lost as a consequence of his counsel's deficient performance, and the trial court must make a

---

[2] 307 Ga. 363, 365 (834 SE2d 769) (2019).

[3] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[4] (Citations and punctuation omitted.) *Collier*, 307 Ga. at 364-365 (1).

4

factual inquiry into those allegations. With respect to the second component of the *Strickland* standard, the defendant is required to demonstrate only that there is a reasonable probability that, but for counsel's deficient performance, he would have timely appealed.[5]

"We review a trial court's denial of a motion to file an out-of-time appeal for an abuse of discretion."[6]

Here, both Head and plea counsel testified that plea counsel did not inform Head that he had a right to appeal his guilty plea or to withdraw his guilty plea, and the State does not challenge this aspect of the plea.[7] In light of this, the trial court

---

[5] (Citations and punctuation omitted.) Id. at 365 (1).

[6] *Jones v. State*, 308 Ga. 337, 337 (840 SE2d 357) (2020).

[7] At the guilty plea hearing, the trial court advised Head of his right to withdraw his guilty plea if the trial court did not accept the negotiated sentence, but it did not advise Head of his appellate rights such that it was a substitute for counsel's consultation. See generally *Ringold v. State*, 304 Ga. 875, 880 (823 SE2d 342) (2019), quoting *Roe v. Flores-Ortega*, 528 U. S. 470, 479-480 (II) (A) (120 SCt 1029, 145 LE2d 985) (2000), criticized on other grounds in *Collier*, 307 Ga. at 364; *McDaniel v. State*, 311 Ga. 367, 370 (1) (857 SE2d 479) (2021) (explaining that determining whether counsel's failure to adequately consult with the defendant about appealing constituted deficient performance is based on certain case-specific factors such as "whether the conviction follows a trial or a guilty plea . . . [and] whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights").

5

based its ruling on the second element of the *Strickland* test, and we pretermit whether Head has met his burden to establish the first element of the *Strickland* test.[8]

With respect to the second element, the record supports the trial court's determination that Head failed to demonstrate a reasonable probability that he would have timely filed an appeal had he known that he could. As noted by the trial court, the evidence from the hearing on Head's motion shows that Head freely and voluntarily entered his negotiated guilty plea and that he understood the benefit of obtaining first offender status. It is undisputed that upon being charged with the drug-related crimes, Head asked plea counsel about the possibility of pleading guilty to avoid the potential of harsher sentencing. Head testified that it was his idea to propose participation in the drug diversion center instead of risking prison time if he was found guilty after a trial. Head signed forms at the time of his plea indicating that

---

[8] The trial court did not evaluate whether, under the first element of *Strickland*, counsel had a constitutional duty to consult with Head about his appellate rights under the circumstances present at his guilty plea. In *Davis v. State*, 310 Ga. 547, 551 (2) (852 SE2d 517) (2020), which came out four days before the trial court entered its order in this case, the Supreme Court reiterated that plea counsel does not *always* have a constitutional duty to consult about appealing a guilty plea, depending on certain case-specific circumstances that bear on whether a rational person would want to appeal the plea or whether the defendant himself expressed a desire to appeal. But based on the scope of the trial court's ruling, and the record supporting that ruling, we address the second *Strickland* element and need not address the first.

his counsel had fully explained the charges against him, the possible sentence, any possible defenses, the evidence against him, and that he had the right to a jury trial at which he would enjoy a presumption of innocence, and the State would have the burden to prove his guilt beyond a reasonable doubt. In essence, Head did not dispute that he entered the guilty plea knowingly and voluntarily. With respect to the guilty plea itself, Head testified that at the time he entered it, "I was happy that day, yes."

Nevertheless, Head equivocated at the hearing, stating that as time went on, "I was happy with it, but it — still, something sat in the back of my mind about the plea." But Head also testified that five months after entering the plea, after committing his first probation violation, he was "still at that point satisfied with [his] guilty plea." Consistent with this, it was not until Head began meeting with counsel in late 2017 after he was arrested for committing murder that he expressed any interest in challenging his guilty plea. Further, other than expressing a general unease over time, Head did not at any point articulate what flaw, if any, occurred during his guilty plea.

Taken together, these undisputed circumstances support a determination that "even if counsel had advised [Head] of his right to appeal from a conviction entered

7

following a guilty plea, [Head] would not have pursued"[9] a direct appeal when it was available to him.[10] Head's testimony shows that at the relevant time-frame and during the ensuing months in that term of court,[11] he was satisfied with his guilty plea. He had received the benefit of his bargain, he had participated in the diversion program he requested, and he had avoided the potential for a lengthy prison term.[12] Head did not express any dissatisfaction with his guilty plea until at least one year after his guilty plea, when he had been accused of his second probation violation based on alleged murder. But this change of heart after the fact does not implicate plea counsel's performance; instead, it reflects the altered legal disposition as a result of Head's post-plea conduct while on probation. Accordingly, we find no basis to

---

[9] *Davis*, 310 Ga. at 551 (2).

[10] See generally OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . .").

[11] See generally *Perez v. State*, 333 Ga. App. 716 (776 SE2d 312) (2015) ("[I]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea.") (citation and punctuation omitted).

[12] Cf. *McDaniel*, 311 Ga. at 371 (1).

8

disturb the trial court's exercise of discretion in denying Head's motion to file an out-of-time appeal of his guilty plea on ineffective assistance grounds.[13]

*Judgment affirmed. Reese and Brown, JJ., concur.*

---

[13] Cf. *Davis*, 310 Ga. at 552 (2) ("Because Davis has failed to show that his appeal of right was lost as a consequence of his counsel's deficient performance, he has failed to show that he was entitled to an out-of-time appeal on ineffective assistance grounds.").