**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 28, 2022**

# In the Court of Appeals of Georgia

A21A1757. OROZCO v. THE STATE.

PINSON, Judge.

Carlos Orozco entered into a negotiated guilty plea for armed robbery and aggravated assault. Close to two years after sentencing, Orzoco moved for an out-of-time appeal from the judgment of conviction entered on his guilty plea, claiming that his plea counsel rendered ineffective assistance by failing to advise him of his right to appeal. We affirm the trial court's order denying that motion because Orozco failed to show that counsel rendered deficient performance by not advising him of his right to appeal. The record offers no reason to think that a rational defendant would have wanted to appeal in Orozco's circumstances—i.e., having recorded a confession and facing a possible life sentence if he went to trial. And Orozco neither expressed dissatisfaction with his plea nor demonstrated any interest in appealing until many

months after sentencing. For these reasons, counsel did not render deficient performance by not consulting with Orozco about an appeal, which means that Orozco lacks a valid ground for an out-of-time appeal.

Background

Orozco and a co-defendant robbed a victim at gunpoint. Orozco was indicted on one count of armed robbery, two counts of aggravated assault and one count of possession of a weapon during the commission of a felony. The State proffered that the victim identified Orozco in a photo line-up as the perpetrator of the armed robbery, and that, during a custodial interview, Orozco admitted to participating in the robbery but stated that the weapon he used was a cell phone and not a firearm.

After the trial court denied Orozco's motion to suppress his statement, he entered into a negotiated guilty plea for one count of armed robbery and one count of aggravated assault. In exchange for the plea, the State agreed to dismiss the remaining counts. After a plea colloquy and the presentation of mitigating evidence, the trial court sentenced Orozco to twenty years with the first ten to be served in confinement.

Nearly 20 months later, Orozco filed a pro se motion for an out-of-time appeal. He claimed that his trial counsel gave constitutionally ineffective assistance by failing

2

to inform him that he could appeal his conviction. He asserted that had he been so informed, he would have appealed on the grounds that the trial court (1) failed to exercise its discretion to sentence him for less than the mandatory minimum sentence for his armed robbery conviction, and (2) improperly coerced him into accepting the plea offer. The trial court appointed appellate counsel and, after a hearing, denied the motion for an out-of-time appeal. Orozco appeals from that denial.

## Discussion

We review the trial court's ruling on a motion for an out-of-time appeal for abuse of discretion. *Burley v. State*, 308 Ga. 650, 651 (842 SE2d 851) (2020).

A defendant is entitled to an out-of-time appeal if he can "prove an excuse of constitutional magnitude for failing to file a timely direct appeal." *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019). Accord *Davis v. State*, 310 Ga. 547, 548–49 (2) (852 SE2d 517) (2020). One such excuse is that the defendant's counsel gave constitutionally ineffective assistance in providing advice about or acting on an appeal. *Collier*, 307 Ga. at 364 (1). When that is the defendant's claim, as it is here, we review it under the familiar two-part standard announced in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). Id. That standard, applied in the context of establishing the right to an out-of-time appeal, requires the

3

defendant to show (1) that counsel's conduct in advising or acting on the appeal "fell below an objective standard of reasonableness," and (2) but for that deficient performance, there is a "reasonable probability" that he would have timely appealed. *Collier*, 307 Ga. at 365 (2). This standard applies whether a defendant seeks an out-of-time appeal from a final judgment of conviction entered following a trial or, as here, following a guilty plea. Id. at 366 (2).

Here, we begin and end with deficient performance. Orozco contends, without citing any legal authority, that his counsel necessarily rendered deficient performance because he failed to advise him of his right to appeal.[1] But failing to consult with a defendant about an appeal is not automatically deficient performance. *Ringold v. State*, 304 Ga. 875, 879, (823 SE2d 342) (2019). Instead, failing to consult about an

---

[1] No one disputes that plea counsel did not consult with Orozco about an appeal, so we need not address the threshold question whether counsel's advice or actions with respect to an appeal were adequate. See *Harvey v. State*, 312 Ga. 263, 266–67 (2) (862 SE2d 120) (2021) (To determine whether plea counsel was constitutionally ineffective for failing to file a timely notice of appeal, the first question that must be answered is whether counsel "consulted with the defendant about an appeal—that is, whether counsel advised the defendant about the advantages and disadvantages of taking an appeal, and made a reasonable effort to discover the defendant's wishes. If counsel adequately consulted with the defendant, counsel performed deficiently only if he failed to follow the defendant's express instructions with respect to an appeal.") (citation and punctuation omitted).

appeal amounts to deficient performance only if there was "reason to think" one of two things at the time: either that (1) "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)," or (2) "this particular defendant reasonably demonstrated to counsel that [he] was interested in appealing." *Harvey v. State*, __ Ga. __ (2) (862 SE2d 120, 124) (2021) (citing *Roe v. Flores-Ortega*, 528 U. S. 470, 478 (II) (A) (120 SCt 1029, 145 LE2d 985) (2000)). "In making this determination, courts must take into account all the information counsel knew or should have known." *McDaniel v. State*, 311 Ga. 367, 370 (1) (857 SE2d 479) (2021) (quoting *Davis*, 310 Ga. at 551 (2)). The defendant's acceptance of a plea is a "highly relevant factor in this inquiry," because a guilty plea both "reduces the scope of potentially appealable issues" and "may indicate that the defendant seeks an end to judicial proceedings." Id. And even when the defendant has accepted a guilty plea, the court "must consider factors such as whether the defendant received the sentence bargained for and whether the plea expressly reserved or waived some or all appeal rights." Id.

On this record, the trial court did not err in concluding that plea counsel's failure to consult Orozco about an appeal was not deficient performance. First, Orozco makes no argument that there was reason to think at the time that a rational

defendant would have wanted to appeal under these circumstances, see *Harvey*, 862 SE2d at 124 (2), and the record does not support that view. To the contrary, the record shows that Orozco likely (and rationally) sought a plea in an effort to prevent a jury from seeing his recorded confession and to avoid the possibility of receiving a harsher sentence after a trial. Taking the plea bargain that the prosecutor offered gained Orozco the significant benefits of receiving the sentence he bargained for, thus avoiding a potential life sentence, and dropping two other charges against him (for aggravated assault and possession of a weapon during the commission of a felony). Further, Orozco does not argue at any length or provide legal authority or citations to the record showing that he had colorable grounds for appeal after agreeing to his plea deal. The trial court did not abuse its discretion in concluding that a rational defendant would not have wanted to appeal under these circumstances.

Second, the record does not show that Orozco demonstrated any interest in appealing or in withdrawing his plea either during the plea colloquy or immediately after sentencing. See *Harvey*, 862 SE2d at 124 (2). The transcript of the plea hearing offers not even a hint that Orozco was dissatisfied with his plea at that time, and the undisputed evidence shows that Orozco did not express dissatisfaction with his plea until months later, well after the window for a direct appeal had closed.

6

In sum, given the record and circumstances of this case, Orozco has failed to show that counsel's failure to consult with him about an appeal of his negotiated guilty plea amounted to deficient performance. See *Harvey*, 862 SE2d at 124 (2) (even if plea counsel failed to properly consult with defendant about appeal, trial court did not abuse its discretion by concluding that the failure was not constitutionally deficient because, among other things, defendant waited years to express any dissatisfaction with her guilty plea); *McDaniel*, 311 Ga. at 371–72 (1) (no duty to consult where, among other things, defendant received the sentence bargained for as part of the plea, and never expressed interest in appealing or withdrawing the guilty plea, and expressed remorse at the plea colloquy); *Davis*, 310 Ga. at 551–52 (plea counsel's failure to inform defendant about the right to appeal from a negotiated plea did not constitute ineffective assistance when defendant received the benefit of the plea bargain and there was no evidence that defendant was dissatisfied with the result of the plea). Compare *Palacios v. United States*, 453 Fed. Appx. 887, 888–89 (11th Cir. 2011) (duty to consult existed where counsel acknowledged that defendant was unhappy following sentencing and asked counsel what to do next).[2]

---

[2] Because we conclude Orzoco's plea counsel did not render deficient performance by failing to advise him about an appeal, we need not address *Strickland*'s prejudice prong. See *Benton v. State*, _ Ga. App. __ (3) (a) (861 SE2d

7

For these reasons, the trial court did not abuse its discretion in denying Orozco's motion for an out-of-time appeal.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur*.

---

672) (2021).